## WISNER v. McBRIDE.

1. **Promissory Note:** CONSIDERATION. The act of the Legislature authorizing the location of the Iowa Reform School empowered the trustees to select a site having certain prescribed advantages. Defendant, with other citizens of Hardin county, executed his promissory note to one of the trustees to aid in the purchase of a certain site upon which the school was located: *Held*, that the note was sustained by a valid consideration, and was not void as against public policy.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 10.

THIS is a suit upon four promissory notes, all of which are of the same tenor, excepting the amounts and time of payment. The following is a copy of one of said notes:

"ELDORA, Iowa, August 15, 1872.

"On or before the 27th day of September, A. D. 1872, for value received, I promise to pay to the order of W. J. Moir, trustee, at Eldora, Iowa, the sum of thirteen dollars, with interest at the rate of ten per cent until paid.

"(Signed)                              R. H. McBRIDE."

It is averred that said notes were indorsed to plaintiff by said W. J. Moir, trustee, for a valuable consideration. The defendant, by his answer, admitted the execution of the notes, but averred that the same were without any consideration

whatever, of which the plaintiff had full notice at the time the notes were executed, and before he received the same.

For a more specific statement of defense it was averred, in substance, in the answer that said W. J. Moir was one of the trustees of the Iowa Reform School, and that said trustees were charged with the duty of locating said school as provided in chapter 77, Laws of 1872; that said trustees, in disregard of the statute, made known to the public that said school would be located in such place as would make the largest donation therefor; that the said trustees were shown the site where said reform school now is, which in all respects filled the requirements of the statute better than any other place in the State of Iowa which could be procured for that purpose, and, notwithstanding the location was the best in the State, the majority of the trustees would not do their duty, and make the location, without a donation from the people; and this defendant and many other citizens of Hardin county were obliged to and did make large donations and execute their notes to induce the majority of said board to do their duty, and obey the statute and locate said reform school in such place as by the said statute they were instructed to do; the said trustees pretending and claiming at the time that said notes were for the exclusive benefit of the State of Iowa.

The plaintiff demurred to the answer upon the ground, in substance, that the location of said school at Eldora was a sufficient consideration for said notes, and that the trustees had the legal right to accept a donation of land whereon to locate said school.

The demurrer was sustained. Defendant failed to plead over, and judgment was rendered against him for the amount of the notes. Defendant appeals.

*E. W. Eastman*, for appellant.

*Porter & Moir*, for appellee.

ROTHROCK, CH. J.—The answer avers that the reform school

Wisner v. McBride.

1. PROMISSORY note: consideration. was located at Eldora, and that the notes in suit, with others, were given to secure such location. In the foregoing statement of facts we have only given the substance of the answer. We do not understand that the pleader intended to charge the trustees with corruptly exacting a donation from the citizens of Hardin county to be appropriated to the use of the trustees, and yet a strict construction of the answer might lead to that conclusion. Taking the answer in connection with the demurrer and the argument of counsel, altogether, we suppose the question intended to be presented is whether the trustees had the power under the law to receive donations or subscriptions for the purpose of procuring a site for the erection of the reform school buildings. As we understand it these notes were given not for the private purposes of the trustees, but that the proceeds thereof might be used for the benefit of the enterprise which they were charged with the duty of carrying out. The only question, then, is, were the notes void and without consideration because the trustees exceeded their power or authority in receiving them for the benefit of the State, or rather for the benefit of the institution.

The act authorizing the location is as follows:

"Section 1. The Iowa Reform School for juvenile offenders shall be, and the same is, hereby, permanently located.

"Sec. 2. The board of trustees of said reform school are hereby instructed and required to make said location of sufficient area for all probable demands of the institution, to be in a healthy place, where fuel and building material are abundant and cheap, and easily accessible from all parts of the State. The lands so selected shall be deeded to the State and properly recorded.

"Sec. 3. The said board shall, after advertising for at least three weeks, contract for the erection of the necessary buildings for said institution, taking good and sufficient security for the faithful performance of said contracts.

"Sec. 4. There is hereby appropriated out of any money

in the State treasury not otherwise appropriated the sum of forty-five thousand dollars, or so much thereof as may be needed for the purposes of this act."

It is argued that the board of trustees is not a corporation. This is undeniably correct. The trustees are merely the agents of the State, and they possess such powers to bind the State as are conferred upon them by statute, with, perhaps, such implied powers as necessarily arise from those expressly conferred.

They were empowered by this statute to select a site having certain prescribed advantages. The answer avers that the site selected met the requirements of the statute, and the argument is that the trustees were bound to make the location at that place. We think they were not required to do so, but might have located it at any other place which fulfilled the requirements of the law. The law did not provide how the trustees should contract for the necessary land for the location, nor what amount they should pay therefor. That was left in their discretion. It seems to us if the citizens of Hardin county raised a subscription to purchase the necessary land for a location, provided the location was made where they desired it to be, no provision of the law was violated. And as the school has been located at the place designated, and the makers of the notes have received all the supposed benefits of the location of their choice, we are aware of no rule of law or morals that would be violated by requiring payment of these obligations. The State does not repudiate these contracts, and we can see no reason why the makers of the notes should do so. It is notorious that the citizens of certain localities raise large amounts in gratuities for the establishment of mills, manufactories, etc., and for the building of railroads and other improvements, and no question is or can be made as to the sufficiency of the consideration enuring to those contributing to, or contracting to pay for, such purposes. The principle is the same in the case at bar.

The defendant, having received the consideration he contracted for, cannot now be allowed to disregard his contract.

AFFIRMED.