## Standard Life & Accident Insurance Co. *v.* E. E. Tinney, Admx.

1. Evidence. *Hearsay. Practice.*

When, in sustaining a motion to exclude a part of a deposition as hearsay, statements therein were excluded that it is claimed on appeal were made of the knowledge of the witness, which difference in character from the rest of the excluded testimony was not brought to the attention of the lower court at the time, and, after consideration of all the testimony so excluded, it remains doubtful whether the said statements were made of the knowledge of the witness or not, their exclusion cannot be treated as reversible error.

2. Same. *Deposition of opposite party. Code 1892, § 1761.*

The testimony of a nonresident party to a suit, taken by the adverse party under § 1761, code 1892, which provides for a disposition of the suit in favor of the party seeking the deposition, in case of

failure to answer the interrogatories propounded, is a deposition in such sense that it may, on failure to use it by the party obtaining it, be put in evidence by the opposite party.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

The Standard Life & Accident Insurance Co., of Detroit, Mich., issued a policy of life and accident insurance to J. D. Tinney, for three thousand dollars, on December 18, 1893, whereby it insured said Tinney, amongst other things, against death resulting from bodily injuries caused by external violent and accidental means. On Friday night following, December 22, the residence of said J. D. Tinney was destroyed by fire, and he perished in the flames. Mrs. E. E. Tinney, the widow, took out letters of administration upon his estate. She made proof of Tinney's death within the time and in accordance with the terms of the policy, and demanded payment of the policy, which was refused, and she brought this suit to recover the amount of the policy and interest from the time it became due. The policy sued on contained the following exceptions: "This insurance does not cover disappearance nor disability resulting wholly or partly, directly or indirectly, from any of the following causes, conditions or acts, or when the insured is under the influence of or affected by any such cause, condition or act, namely." It then proceeds to name a number of conditions and causes, and, among them, intoxication. Defendant plead in confession and avoidance, and averred that the accident which produced the death of Tinney resulted wholly or partly, directly or indirectly, from intoxication, and that the policy did not cover death under such circumstances. Issue was joined, in short, upon these pleas. Defendant opened and closed the case, as its pleas set up an affirmative defense. After introducing evidence to show that Tinney was drunk on the day the policy was issued, and for several days afterwards was drinking, defendant introduced one D. N. Hebron as a witness. Hebron testified that he lived near Tinney, and that

Mrs. Tinney went to his house the night before Tinney lost his life.    Counsel for defendant then asked the witness what the condition of Mrs. Tinney was when she reached his house, and what Mrs. Tinney told him as to Tinney's treatment of her. Counsel for plaintiff objected to this question.    Defendant's counsel then stated that they proposed to prove by this witness that Mrs. Tinney left home that night on account of Tinney's drinking, and that he choked her while under the influence of liquor, and she left in fear of her life.    They proposed to prove these facts for the purpose of impeaching the testimony of Mrs. Tinney, taken upon interrogatories propounded to her by defendant in accordance with § 1761 of the code of 1892, her deposition being on file in the case.    Plaintiff objected to the evidence being introduced without having laid the foundation for impeaching Mrs. Tinney.    The court sustained the objection.    Defendant closed its case without reading the deposition of Mrs. Tinney.

Plaintiff objected to so much of the deposition of Hester Davenport, a witness for defendant, "as stated what Mrs. Tinney told or showed the witness."    The court sustained the objection. The part of Hester Davenport's deposition excluded was the following: "He choked his wife while he was drinking, and she came into the kitchen and showed me the marks on her neck; it was bleeding.    He also kicked her, and she showed me the bruise on her leg above the ankle.    She told me she was going to leave home.    She said, ' If I go to any colored people, he will find me and kill me,' and I told her I would not stay and let my husband kill me, if I was her."

Plaintiff read the deposition of Mrs. Tinney, which had been taken by defendant, over defendant's objection.    In her deposition Mrs. Tinney stated that Mr. Tinney was sober when she left home on Thursday night before his death.    Defendant offered to introduce Mr. Hebron, after this deposition was read by plaintiff, to contradict this statement of Mrs. Tinney. Plaintiff objected, because no foundation had been laid to con-

tradict Mrs. Tinney, and the court sustained the objection. The defendant then moved the court to enter a mistrial, so that it could be allowed to cross-examine Mrs. Tinney. The court overruled the motion. Defendant then moved the court to postpone the further hearing of the case, so that it might propound cross-interrogatories to Mrs. Tinney, based upon the interrogatories and answers thereto which plaintiff had read to the jury. This motion was also overruled. Defendant excepted to all these rulings of the court. Defendant appealed from a verdict and judgment for plaintiff, after its motion for a new trial had been overruled, and assigned the following errors: 1. The court erred in excluding parts of Hester Davenport's deposition. 2. The court erred in admitting as evidence the deposition of Mrs. Tinney. 3. The court erred in excluding the testimony offered by Hebron. 4. The court erred in refusing to allow the recall of Hebron to allow defendant to prove the facts testified to by him. 5. The court erred in refusing to enter a mistrial. 6. The court erred in refusing to postpone further hearing of the cause.

*Miller, Smith & Hirsch,* for appellant.

The excluded testimony for defendant tended to show that Tinney began drinking nearly a week before the day on which he lost his life, and that the spree continued up to that time. The fact that he choked his wife tended to prove a very material fact, which was controverted by plaintiff's witnesses, to wit: that this spree continued during the week, and to such an extent as to cause him to be under the "influence of, or affected by, intoxication." The witness, Davenport, affirms, as facts, that the insured did choke and kick his wife. The second assignment involves a construction of § 1761, code of 1892. This section first appears in our laws in the code of 1880, § 1943. The proceeding it authorizes bears no sort of analogy to a deposition. No commission is contemplated by the statute. *McLean* v. *Letchford,* 60 Miss., 169. It is simply for the

party who desires the testimony of the other party. Section 1761 gives no right to contradict the answers of the nonresident party, but manifestly leaves the use of the evidence when taken, discretionary with the party who takes it.

*Dabney & McCabe*, for appellee.

Plaintiff only objected to so much of the deposition of Hester Davenport as stated what Mrs. Tinney told or showed the witness, and only that much was excluded. The objection did not go to the facts which the witness proposed to testify to of her own knowledge. It was only claimed that this testimony had a tendency to prove that deceased was drunk at the time he lost his life. The evidence was objectionable, first, because if it had gone to the jury they would probably have received it as an admission against her interest. At the time the statement was made Mrs. Tinney had an interest in the policy. Admissions made by persons in their individual capacity cannot be used against them in a representative capacity. Second, the evidence was wholly immaterial.

The testimony of Mrs. Tinney was admissible in her own behalf. She was a competent witness. Her testimony had been taken according to the forms of law, and it was material to the issue, and it could have been read in evidence by appellant if it had desired. Counsel for defendant say it was neither a deposition nor a discovery, and, for that reason, not admissible in evidence. It was a deposition, and it was a discovery in so far as appellant was concerned. She could have been cross-examined, if we had desired. A deposition taken at the instance of a party to an action and not used by him, may be read in evidence by the opposite party, against the objection of the party at whose instance it was taken. Am. & Eng. Enc. L., vol. 5, p. 607. It is perfectly manifest that the testimony spoken of in § 1761, while taken without a commission and in the form there prescribed, is to take the place, or may take the place, of the party's deposition, and the witness may be cross-

examined in the ordinary way, and the deposition read by either party to the action.

The evidence of D. N. Hebron was not admissible upon any ground known to the law of evidence. It could not have been admitted as an admission against interest, because, at the time the admission was made, Mrs. Tinney had no interest in the policy, and, for the further reason, that admissions of an executor or administrator, made before he was completely clothed with that trust, cannot be received against him as representative of heirs, devisees, or creditors. 1 Greenleaf on Ev., § 179; *Jeter* v. *Sandall*, 10 La. Ann., 237; 9 Am. & Eng. Enc. L., pp. 346, 353. Counsel for appellant contend that they had a right to examine Hebron for the purpose of contradicting Mrs. Tinney. His testimony was inadmissible for that purpose. In the first place, it did not contradict anything said by Mrs. Tinney. There is a still more conclusive reason why it was not admissible. In the case of *Bonnelli* v. *Bowen*, 70 Miss., 142, the court say: " The witnesses sought to be impeached should have been distinctly informed as to time, place, and persons present when the supposed conversation took place, and the matter as to which it was designed to call the impeaching witnesses should have been clearly and distinctly presented to their attention. And to the matters thus inquired about, impeaching witnesses should have had their examination strictly confined, and should not have been asked to state what took place on the occasion referred to, and in response allowed to go outside of and beyond the issues presented in the predicate laid."

Mrs. Tinney was not informed as to time, place, and persons present when the supposed conversation took place, and the matters as to which it was designed to contradict her were not clearly and distinctly presented to her attention by any of the interrogatories propounded to her.

WOODS, J., delivered the opinion of the court.

It appears from the transcript that the motion of appellee

to exclude from the jury certain parts of the deposition of the witness, Hester Davenport, was confined, in its exact terms, to '' what Mrs. Tinney told or showed the witness.'' No complaint is made by appellant touching the court's action in sustaining the prayer of the motion, but the first assignment of error filed here complains of supposed error on the part of the court in its action sustaining the motion, because not only '' what Mrs. Tinney told or showed the witness '' was excluded, but facts to which the deponent herself was an eyewitness were also excluded, and appeal is made to the bill of exceptions to sustain this contention.

Careful examination of this deposition impresses us, as it did the learned court below, as not showing, as facts within the knowledge of the witness, that Tinney choked his wife, and that he kicked his wife. On the contrary, we put upon the language of the deposition that construction which the court below gave it, and which we are bound to infer counsel on both sides gave it, at the time the motion was made and acted on. The witness did not say that she saw Tinney choke and kick his wife, as we understand the transcript, but rather that Mrs. Tinney came to the kitchen, where the witness was, informed her of the injuries inflicted upon her, and exhibited to the witness the evidences borne upon her body of her husband's violence. That the able judge who tried the case below so understood the witness, is manifest from his ruling; that the counsel for appellee so understood her, also, is not to be doubted, and we are bound to infer, from the record before us, that, at the time, counsel for appellant likewise so understood it. It is hardly conceivable, if the court's action went beyond the prayer of the motion and excluded facts to which the witness deposed as within her own knowledge, that the watchful and accomplished lawyers who represented the appellant, should not have, then and there, pointed out, in some mode, to court and opposing counsel, that the ruling had gone beyond the motion, and that facts to which the witness deposed as of her own

personal knowledge were being erroneously swept out with the hearsay evidence objected to.    Yet nothing of that sort anywhere appears in the record before us.

In any event, however, the best that can be said of the bill of exceptions for the appellant is that it is not clear whether Hester Davenport was speaking of her personal knowledge or rehearsing what Mrs. Tinney had informed her of.    But this will not help the contention of appellant, for it should be able to show by the bill of exceptions, with clearness and not ambiguously, that Hester saw the choking and the kicking.    The first assignment is, therefore, nonmaintainable.

The second and third assignments may be considered together, and may be disposed of generally, by a determination of the meaning of § 1761, code of 1892.    This section makes provision for taking the testimony of a party to a suit who resides out of the state by the adverse party by filing interrogatories to that end in the clerk's office, and by giving a copy of such interrogatories, with notice of their filing, to the nonresident party, or his attorney or solicitor, and, by way of certainly securing such testimony, it is declared further that, if he fail to answer such interrogatories within a reasonable time, his suit shall be dismissed, if he be plaintiff or complainant, and if he be defendant, his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed. The testimony thus taken upon interrogatories by the party desiring to examine his nonresident adversary, is not in form a deposition, nor has it the technical marks of a deposition, but in substance and effect it is simply a deposition, and a deposition which a party is required to make on pain of dismissal of his suit, if he be the plaintiff, or judgment by default entered, if he be defendant, simply on his failure to answer the interrogatories within a reasonable time.    It is incredible that the legislative purpose was to arm one party to a suit with such powers, enforceable with such penalty, merely to gratify the adversary's desire to know whether the party might chance to

know something useful to such adversary.   It is far more and
other than a simple paper which may be used or not by the
party procuring it to be taken.   It is not testimony belonging
peculiarly and solely to the party taking it, and which may be
used or not, as it may turn out to be helpful or hurtful to him,
but not at all to be used by the other party.   It is an in-
formal deposition, and to be treated as any other deposition.
Either party was at liberty to introduce it, and the party at
whose instance it was taken might contradict the interested
party by properly laying the foundation so to do.   In the case
in hand, after the appellant had failed and refused to introduce
the appellee's deposition, she was entitled to offer it on her own
behalf, and inasmuch as no foundation had been anywhere laid
to contradict the statements made by her in the deposition, the
impeaching evidence was properly excluded.   Under this view
of the case, it seems to be unnecessary to say anything further
on the other assignments of error.

*Affirmed.*