[No. 2478. Decided August 4, 1897.]

THE COUNTY OF ISLAND, *Appellant,* v. J. M. BABCOCK *et al., Respondents.*

SUFFICIENCY OF COMPLAINT — AIDER BY JUDGMENT — VALIDITY OF CONTRACT — AGAINST PUBLIC POLICY.

Where the specific ground upon which objection is raised to a complaint as not stating facts sufficient has not been urged in the lower court, the complaint will be liberally construed upon that point on appeal.

A contract with county commissioners to procure a good and sufficient deed to certain premises without expense to the county, if such premises should be chosen by them as a court-house site, is not void as being against public policy, as the benefits accruing from the contract would be to the public and not to the commissioners as individuals.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Reversed.

*Charles F. Repath,* for appellant:

Upon the point that the contract in controversy was not against public policy, counsel cites *Harris v. Roberts,* 41 Am. Rep. 780; *Whitsitt v. Trustees Presbyterian Church,* 110 Ill. 125; *Pratt v. Trustees,* 93 Ill. 475 (34 Am. Rep. 187); *Baptist Society v. Carter,* 72 Ill. 247.

*Charles E. Patterson,* and *E. C. Million,* for respondents:

The contract is void as against public policy for the reason that it offers to give the county block 23 in case it is chosen for a court house site. The county commissioners are public officers and it is their duty to select a suitable location for a court house. If the contract is such that it tends to influence the commissioners in-performing their duty, it is void. *Elkhart County Lodge v. Crary,* 98 Ind. 238 (49 Am. Rep. 749); *Providence Tool Co. v. Norris,* 2 Wall. 45; *Ashburner v. Parrish,* 81 Pa. St. 52; *St. Louis, etc., R. R. Co. v. Mathers,* 104 Ill. 257; *Williamson v. Chicago, etc., Ry. Co.,* 53 Iowa, 126 (36 Am. Rep. 206); *Woodman v. Innes,* 27 Pac. 125 (27 Am. St. Rep. 274); *Commissioners of Randolph County v. Jones,* Breese, 237.

The opinion of the court was delivered by

Scott, C. J.— Plaintiff brought this action to recover damages for the breach of a contract in writing executed to the board of county commissioners by the defendants, the body of which is as follows:

" We, the undersigned, freeholders of said county and state, bind ourselves that in case block 23 in Thomas Coupe's plat of Coupeville, Wash., is chosen by your honorable body as a court-house site, that a good and sufficient warranty deed will be given to Island county for said block 23 without expense to the county."

The complaint, in addition to certain formal allegations,

alleged in substance that the board of county commission-
ers determined to provide for the erection of a courthouse
building for the county at Coupeville, the county-seat;
that a large number of suitable sites were offered therefor
at said place, among them being block 23 in question;
that in pursuance of said undertaking the plaintiff, through
its commissioners, entered into the contract aforesaid and
selected said block 23 as the courthouse site, and caused
a courthouse to be erected thereon; that they thereafter
demanded of the defendants a deed to said block 23 in
pursuance of said agreement, and that the defendants re-
fused to deliver or to cause a deed to the same to be de-
livered to the plaintiff; that by reason thereof plaintiff had
been damaged in the sum of $1,000. At the trial the
plaintiff sought to introduce in evidence the proceedings
of the board of commissioners in relation to the matter,
to which the defendants objected, because the complaint
failed to state a cause of action, in that the contract upon
which the action was founded was void as against public
policy, that the consideration for it was to induce the com-
missioners to erect the courthouse at a particular place, and
to influence their discretion and judgment in the premises.
The court sustained the objection and the plaintiff has ap-
pealed.

It appeared by the complaint that the defendants were
not the owners of the block aforesaid, and it is contended
by them on this appeal that the complaint does not state
sufficient facts for the reason that it does not contain an
allegation that the owners of the property had not deeded
the same to the plaintiff. It does not appear that this
objection was specifically urged in the lower court under
the general objection that the complaint did not state suffi-
cient facts, conceding that it was within the scope of such
objection as made. Against the objection in this form

the complaint should be liberally construed, and we think the allegation that the plaintiff had been damaged by reason of the failure and refusal of the defendants to cause the delivery of the deed was sufficient to state a cause of action. It is true such damage might have been caused by a delay or injury in some other manner in procuring the deed, if one was procured from the owners, as well as to have been in consequence of an entire failure to obtain a deed, but, if not satisfied with the allegation, the defendants should have moved to make it more definite and certain. It was sufficient against the objection as raised. It is further contended that the complaint did not allege that the block in question was of any value, but the same allegation of damages would dispose of this question, also, under the circumstances.

The defendants' principal reliance is placed upon the invalidity of the contract. We are of the opinion that the authorities are in the main against them. The commissioners, as individuals, were to derive no benefit under this agreement whatever, and consequently the offer was in no sense a bribe to them to influence their judgment in selecting a location. The offer was to the county and the benefit accrued to the public. We see nothing in the offer of a free site for a public building making it contrary to public policy. *Thompson v. Board*, 40 Ill. 379; *Odineal v. Barry*, 24 Miss. 9; *State Treasurer v. Cross*, 9 Vt. 289 (31 Am. Dec. 626); *Wells v. Taylor*, 5 Mont. 202 (3 Pac. 255); *Dishon v. Smith*, 10 Iowa, 212; *Hopkins v. Upshur*, 70 Am. Dec. 375. When the site was selected the agreement on the part of the county was performed, and it became the duty of the defendants to cause a good and sufficient deed of the site to the county to be delivered to the commissioners.

Reversed and remanded for a new trial.

DUNBAR, ANDERS, REAVIS and GORDON, JJ., concur.