[No. 2964. Decided November 26, 1898.]

ISLAND COUNTY, *Appellant,* v. J. M. BABCOCK *et al.,*
*Respondents.*

EVIDENCE—ADMISSIBILITY OF WRITTEN INTERROGATORIES—EXAMINA-
TION OF WITNESS—IRRESPONSIVE ANSWER.

Under Code Proc., §§ 1660-1665 (Bal. Code, §§ 6008-6013),
authorizing the admission in evidence of written interrogatories
and the answers thereto, without any restriction being imposed,
they are admissible although the party interrogated may be
present as a witness at the trial.

Where a defendant on the witness stand, who had signed the
name of another defendant to a written instrument in issue, was
asked whether he had advised such other defendant of his act,
and answered: "No; he certainly knew it; he did not need to
be advised," it was error to strike the answer without a showing
by further examination that the testimony was incompetent,
since it was *prima facie* legitimate and competent to show au-
thorization or ratification of the act.    (DUNBAR, J., dissents.)

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Reversed.

*Lester Still,* Prosecuting Attorney, and *Charles F.
Repath,* for appellant.

*E. C. Million,* and *Charles E. Patterson,* for respond-
ents.

The opinion of the court was delivered by

SCOTT, C. J.—This case was before this court on a
former occasion (17 Wash. 438, 50 Pac. 54), and the
plaintiff has again appealed from the judgment rendered
against it upon the retrial.

The first error alleged is excluding from evidence, on
defendants' objection, the written interrogatories pro-
pounded by the plaintiff to the defendant Cranney, and
his answers thereto.   The respondents contend that these

were properly excluded, because the witness was present at the trial, and that the rule should be the same as in case of depositions. The statutes (2 Hill's Code, §§ 1660-1665, Bal. Code, §§ 6008-6013) authorize their admission in evidence without that restriction, and it was error to exclude them. See, also, *Denny v. Sayward,* 10 Wash. 422 (39 Pac. 119). It is further contended by the respondents that the error, if any, was harmless because, as a matter of fact, the plaintiff did put said defendant on the stand, and elicited the same facts shown by his answers to the interrogatories. It is denied by the appellant that the witness gave the same testimony. We will not examine as to this, for the case must be reversed upon the next assignment of error.

It appeared that Clark's name was signed to the written offer of the site by Babcock. The plaintiff asked Babcock the following question: "Did you ever advise him [Clark] that you had signed his name to such a contract?"—for the purpose of showing that such signing had been authorized or was ratified, and the witness answered: "No; he certainly knew it; he did not need to be advised." The defendants moved to strike this answer, and the court granted the motion. Respondents contend that there was no error in striking it, for the reason that Babcock had answered that he did not tell Clark that he had signed his name to the document in question. But, conceding this, he might have known from other legitimate sources that Clark knew it, and his statement that Clark did know it was *prima facie* legitimate and competent evidence. The means of his knowledge might have been tested. A further examination might have shown that the testimony was incompetent, but in advance of this it was error to strike the answer.

There are some further questions raised in the case, but,

as they may not arise upon a retrial of the cause, they will not now be considered.

Reversed and remanded for further proceedings.

ANDERS, GORDON and REAVIS, JJ., concur.

DUNBAR, J. (dissenting).—I am unable to agree with the opinion expressed by the majority. The part of the answer which was stricken out was in no way responsive to the question asked. It is said that a cross-examination might have elicited the fact that the evidence was incompetent, and it would then be time to strike it out; but I think the rule is well established that an answer of a witness is not competent that is not responsive, and the burden should not be imposed on the other side to destroy it by cross-examination. The judgment, in my opinion, should be affirmed.