JAMES BEEM, ET AL., Appellees, v. E. D. FARRELL, ET AL., Appellants.

**Interrogatories attached to pleadings:** USE AS EVIDENCE. Answers to interrogatories attached to a pleading are only available as admissions to the party propounding the interrogatories; and if he does not see fit to introduce them in evidence for that purpose the party making the answers cannot do so.

**Same.** The statute authorizing the use of answers to interrogatories attached to pleadings by the opposite party as admissions, is separate and distinct from the right of either party *to use the same as a deposition;* and when offered as a deposition are subject to the same objections as other evidence of that character.

**Same.** A party may not read in evidence his own answers to interrogatories attached to the pleadings when he is personally present at the time they are offered.

**Admission of evidence:** HARMLESS ERROR. One is not prejudiced by the failure of a note to bear a revenue stamp, at the time of its introduction in evidence, which was required at the date of *its* execution; since *it* might have been withdrawn, properly stamped and reoffered before final submission of the case.

**Bills and Notes:** INSTRUCTION. An instruction that failure to affix a revenue stamp to the note in suit did not render it uninforceable, is held to have relation only to the question of stamping, and not an affirmance of its validity as against a defense of fraud in its execution.

**Same:** FORGERY: LIABILITY OF MAKERS. The fact that one signature to a note is a *forgery* will *not* necessarily affect the liability of other makers, concerning the genuineness of whose signatures there is no question; if the other makers signed with knowledge of the forgery they cannot avail themselves

of the fraud, but the rule would be different in the case of innocent makers.

**Appeal:** SERVICE OF NOTICE. The appellate court is not deprived of 7 jurisdiction to consider all questions, in which the appellants are alone interested, because of failure to serve notice of appeal on those parties not joining therein.

*Appeal from Kossuth District Court.*— HON. W. B. QUARTON, Judge.

WEDNESDAY, OCTOBER 23, 1907.

ACTION on a promissory note purporting to be signed by the defendants E. D. Farrell, Thomas Farrell, and Anna Farrell. The defendants answered jointly, and denied that they ever signed the note in suit, and assert that the same is a forgery. Further, they answer that the note is void because not stamped as required by an act of Congress relating to the revenue, in force at the time the note purports to have been executed. Trial was had to a jury, and there was a verdict in favor of Thomas Farrell, and in favor of plaintiffs as against the defendants E. D. and Anna Farrell, and these last-named defendants appeal.— *Reversed* and *remanded.*

*Healy Bros. & Kelleher,* for appellants.

*Sullivan & McMahon* and *E. A. Morling,* for appellees.

BISHOP, J.— To their answer the defendants attached interrogatories to be answered by plaintiffs relating to the matter of the execution and delivery of the note in suit. At the trial plaintiffs' answers to these interrogatories were offered in evidence in their behalf, and admitted over defendants' objection that they were incompetent, the plaintiffs being both present in court. After the answers to interrogatories were read, plaintiff Stephens was called as a witness in behalf of plaintiffs, and testified that an exhibit

shown to him was the note referred to in his answers, and the exhibit was then offered in evidence. Thereupon defendants moved to strike Stephens' answers to interrogatories, because he had appeared in court and testified, and this motion was overruled. Thereupon counsel for defendants cross-examined Stephens with reference to the subject-matter of his answers to interrogatories. In rebuttal, Beem was a witness, and was cross-examined as to the subject-matter of his answers to interrogatories.

Under Code, section 3604, answers to interrogatories propounded by an adverse party concerning any of the material facts in issue " may be read by either party as a deposition between the party interrogating and the party answering." Under Code, section 4684, depositions in a civil action at law can only be taken for use on the trial, if the witness is not a resident of the county, or is about to go beyond the reach of a subpœna, or is for any other cause expected to be unable to attend court at the time of the trial; and section 4709 provides that the deposition or the record must show the witness to be a nonresident of the county, or such fact as authorizes the use of a deposition in evidence, and that " no such deposition shall be used on the trial, if at the time the witness himself is produced in court."

It is contended for appellants that the answers to interrogatories were improperly admitted, when offered as evidence in behalf of plaintiffs' because the plaintiffs who had given such answers were present in court; while it is argued, on the other hand, that answers to interrogatories are admissible in behalf of either party, without the restrictions imposed as to depositions. We do not attempt now to pass upon the right of defendants to introduce these answers in their own behalf, regardless of the presence in court of the plaintiffs who had given the answers. As the usual statutory provisions for requiring answers to interrogatories propounded in the pleading are practically a substitute for the

1. INTERROGA-
TORIES AT-
TACHED TO
PLEADINGS:
use as
evidence.

equitable bill of discovery, no doubt such answers may be introduced by the party calling for them, without regard to whether the party making the answers is present in court and might.be called as a witness. As thus used, the answers constitute, in effect, admissions of which the party propounding the interrogatories may avail himself.' 1 Pomeroy, Equity Jurisp. (3d Ed.) section 208. Regarded as admissions, the party giving the answers is not entitled to avail himself of them, if not introduced by the other party. It is true that a sworn answer to a bill in equity is evidence in behalf of the party answering. Story, Equity Plead., sections 849a, 875a. But this rule of equity pleading is not applicable to answers given in response to a bill for discovery pure and simple; that is, where no other equitable relief than the securing of the answers under oath is sought. 1 Pomeroy, Equity Jurisp., section 191. In this State the equitable action to obtain a recovery is abolished, except in certain specified cases, with which we are not now concerned. Code, section 3441. Statutory provisions for requiring answers under oath from the opposite party are a substitute for the equitable action for discovery. 1 Pomeroy, Equity Jurisp. (3d. Ed.), section 193. It would seem, therefore, that answers to interrogatories propounded in the pleadings under provisions of Code, section 3604, are available only to the party propounding the interrogatories; and, if he does not see fit to introduce them in evidence, the party making the answers cannot do so. This conclusion has been reached under similar statutes in other States. *Wells v. Bransford,* 28 Ala. 200; *Montgomery Branch Bank v. Parker,* 5 Ala. 731; *Moore v. Palmer,* 14 Wash. 134 (44 Pac. 142); 14 Cyc. 259.

No doubt, in behalf of the party calling for the answers they are admissible, whether the party giving the answers is present and might be called as a witness or

2. SAME.

not; for, as already indicated, the answers are in the nature of admissions. *Island County v. Bab-*

*cock,* 20 Wash. 238 (55 Pac. 114); *Page v. Krekey,* 63 Hun. 629 (17 N. Y. Supp. 764). The statutory provision that the answers to interrogatories may be read by either party as a deposition seems to contemplate a use distinct from and in addition to that which the party calling for the answers might make of them by introducing them in evidence as admissions; and we think that this distinct use of the answers as a deposition is subject to the restrictions imposed in Code, section 4709, as to the introduction of a deposition when the witness is produced in court. A statute authorizing a party to a suit to take the testimony of an adverse party by filing interrogatories, in much the same manner as a deposition might be taken, has been held to contemplate an informal deposition, " to be treated as any other deposition," and therefore available to either party. *Standard Life & Acc. Ins. Co. v. Tinney,* 73 Miss. 726 (19 South. 662). But, treated as any other deposition, we think the answers are subject to all the objections which might be made to a deposition. For instance, if the party answering should speak with reference to his information and belief, as contemplated in Code, section 3604, then certainly, when this deposition is offered in his own behalf, the answers which are made " from the information of others " could be excluded, because incompetent. See Code, section 4712. We see no reason why the objections which might be made to any deposition under Code, section 4709, that the witness is produced in court, may not therefore be made to the answers of a party to interrogatories propounded to him, when he himself seeks to have these answers used by way of deposition.

The question which we have here for consideration is somewhat analogous to that raised in *Lanza v. Le Grand Quarry Co.,* 124 Iowa, 659, with reference to the admissibility on a subsequent trial of the transcript of the evidence taken in shorthand on a former trial. In that case we held that the statute authorizing

3. SAME.

the use of the transcript in evidence as a deposition supplied the grounds for the taking of a deposition, but that, if the witness was present on the second trial, the transcript of his evidence was to be excluded, just as his deposition would be excluded under like circumstances. So we hold here that, while the statute authorizes the taking of answers to interrogatories propounded in the pleadings without any showing of cause therefor such as would be necessary in the taking of a deposition, yet, when the party whose answers have been taken seeks to introduce them as a deposition in his own behalf, he is subject to the same objections which are available when a deposition is offered in evidence. The court erred, therefore, in allowing plaintiffs to read in evidence their own answers to the interrogatories propounded to them by the defendants, when they themselves were present in court and testified as witnesses.

II.    Objection was made to the introduction in evidence of the note sued on, for the reason that it did not have affixed a revenue stamp as required by statutes of the United States. Subsequently, however, the plaintiffs caused the official stenographer to affix to the instrument the requisite stamp and cancel it. Had the stamp been thus affixed at the time the instrument was offered in evidence, unquestionably the objection under the federal statute would have been removed. *State v. Glucose Sugar Refining Co.*, 117 Iowa, 524; *Harvey v. Wieland*, 115 Iowa, 564. Certainly the defendant was not prejudiced by the ruling of the court refusing to exclude the unstamped instrument, in view of the fact that the plaintiffs might have withdrawn the instrument from evidence before the case was submitted to the jury and reintroduced it after it had been properly stamped.

4. ADMISSION OF EVIDENCE: harmless error.

III.    An instruction is objected to in which the jury were told that " the failure to affix the internal revenue stamp to the note in controversy at or about the time of the execution thereof would not make said note void and would not·

prevent plaintiffs from enforcing the same." The objection

5. BILLS AND
   NOTES: in-
   struction.

is that the validity of the note was expressly affirmed by the court in this instruction, not merely with reference to the stamping, but also with reference to the signature. But we think that the jury could not have been misled by this instruction. They must have understood that it related solely to the question of stamping, and not to the question of signature, which was submitted to the jury in other instructions. We are strengthened in this view by the subsequent finding of the jury, as hereinafter explained, that defendant Thomas Farrell did not sign the instrument. If the jury had supposed this instruction to be conclusive on the subject of execution, they would have had no occasion to inquire as to whether Thomas Farrell did or did not sign it.

IV. The evidence properly in the record tended to show that the signatures of E. D. Farrell and Anna Farrell appearing on the note were genuine. So, also, that the

6. SAME:
   forgery:
   liability
   of makers.

name of Thomas Farrell was placed on the note by E. D. Farrell, and this without authority. The jury were instructed that if they should find that some one, but not all, of the defendants signed or gave the note in question, then their verdict should be for the plaintiffs and against such defendants as they find from the evidence did give or sign the note, and as to such defendants as they should find from the evidence did not give or sign the note their verdict should be in favor of such defendant or defendants. The objection now made with reference to this instruction is that it authorizes a recovery on the instrument as against E. D. Farrell and Anna Farrell, although the jury should find the name of Thomas Farrell was not signed thereto either by him or by his authority; it being conceded that his name appears as a signer of the instrument. It is not incorrect, as we conceive — speaking abstractly — to say that one who has signed a note understandingly must be held bound by his signature; likewise,

that one who has not signed, either by his own hand or by that of his authorized agent, should not be bound as a maker. But it does not follow that proof of one forged signature on a note must of necessity, and in all cases,·be given effect to avoid the note in favor of those whose signatures thereto are found to be genuine.   Such a result is not dictated by Code Supp. 1902, section 3060a23, as counsel for appellant seem to think.   That section reads as follows:  "Where a signature is forged, or made without the authority of the person whose signature it purports to be, it is wholly inoperative and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."   It is the forged or unauthorized signature that is declared to be inoperative; and the inhibitory clause forbids recovery on the instrument as against any party where the right of recovery is predicated on such inoperative signature.   Stated in another way, the forged or unauthorized signature cannot be made the basis of any right against any party to the instrument on which such signature appears.

The further argument against the instruction is that here was a fraudulent alteration, and that this had effect to destroy the instrument, so that no recovery can be had thereon as against any of the parties.   The trouble with this argument is that in neither pleading nor evidence is there any pretense of an alteration in the note.   The specific allegation in the answer is of a forgery, and, in evidence, defendants sought only to substantiate that allegation.   Assuming, for the purposes of the question, that the evidence was sufficient to warrant a finding that the name of Thomas Farrell was placed on the note by E. D. Farrell without authority, we think it would be violative of every principle of law and morals to permit him to avoid the note by pleading as against an innocent holder his own wrongful

act. No man can be permitted to advantage himself out of his own wrong. Nor could Anna Farrell take advantage of such wrong if she was a party to it — either actively in procuring it to be done, or passively by acquiescence on full knowledge; and especially is this true if it shall remain to be said, as we think possible, that, following the wrong done, she affixed her signature to the note. The order in which the signatures appear is first E. D., then Thomas, and then Anna; and in the absence of any evidence to the contrary a jury would be warranted in finding that the signatures were affixed in the order in which they appear. So, also, it may be conceded that, in the face of a finding that Anna Farrell affixed her name to the note without knowledge of any infirmity inhering in the signature of Thomas, there could be no ground on which to plant a holding of liability on her part in favor of the payee. But this would be because, having signed the note in faith of the genuineness of the preceding signature, and believing that she was assuming a joint liability with her husband and his brother, to charge her with liability would be to give countenance to a fraud.

V. Appellees insist that the appeal should not be enentertained because Thomas Farrell was not made a party by service of notice. There is no merit in the contention. True, it is provided by statute (Code, section 4111) that a part of several coparties may appeal; but in such case they must serve notice of the appeal on those not joining therein. The failure to serve such notice does not, however, go to the jurisdiction of the court. We may proceed to consider all questions in which the parties before the court are alone interested. Here the appeal brings up only the question of the rightfulness of the judgment against the appealing defendants; and the reversal can have no effect other than to entitle them to a new trial. The verdict and judgment in favor of Thomas Farrell remains untouched. *Moore v. Held,* 73 Iowa, 538; *Wright*

7. **Appeal:** service of notice.

*v. Mahaffey,* 76 Iowa, 97; *Clayton v. Sievertsen,* 115 Iowa, 688.

For the error pointed out, the judgment against the appealing defendants is reversed, and the case remanded for a new trial as to such defendants.— *Reversed.*