### CURRIER et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

#### No. 3,130.

CONTRACTS (§ 131*) — PUBLIC BUILDINGS — PRIVATE CONTRIBUTION — PUBLIC POLICY.

Under the rule that, where a public institution must be located or structure built, private contributions on condition that a particular location is selected are not against public policy, it was no objection to the selection of a site worth exceeding $32,000 for the location of a post office building by the Secretary of the Treasury that Congress has restricted the amount of public funds to be paid therefor to $15,000, and that private citizens had agreed to donate the balance if the more valuable site were selected; there being no claim that the Secretary was not wholly free from any influence, save his judgment of the suitableness of the location and the donations towards the cost.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 131.*]

In Error to the District Court of the United States for the District of Colorado.

Proceedings by the United States of America to condemn certain lands in Greeley, Colo., for a site for a post office building, to which Henry F. Currier and others filed objections. From a decree in favor of the government, objectors bring error. Affirmed.

Charles R. Brock (Robert T. McNeal and Milton Smith, on the brief), for plaintiffs in error.

Harry N. Haynes, Special U. S. Atty. (Thomas Ward, Jr., U. S. Dist. Atty., and Harry E. Churchill, Sp. U. S. Atty., on the brief), for the United States.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. Plaintiffs in error, who are owners of property in Greeley, Colo., which was selected as a site for a post office building, seek to defeat the condemnation proceeding instituted by the government to acquire it because the Secretary of the Treasury was induced to choose that particular location by an agreement of owners of neighboring property to pay the cost thereof in excess of the sum appropriated by Congress. The trial court held against them. The act authorized the Secretary to acquire a suitable site by purchase, condemnation, or otherwise within the limit of $15,000. The award in condemnation slightly exceeded $32,000. The restriction imposed by the act of Congress was in the amount of public funds that could be used, and it was observed; but the objection made is that it is against public policy for private citizens to make donations under such circumstances, and the fact they did so invalidates the proceedings of the government. The plaintiffs in error invoke the familiar rule against agreements which tend improperly to influence those engaged in the performance of public duties, or to induce them to subordinate the public welfare to individual gain.

Assuming that we can take cognizance of their objection in a case like this, we think it is untenable. There is no charge of the receipt of a personal consideration by any representative of the government connected with the transaction, and for that reason most of the cases cited for plaintiffs in error are inapplicable. The action of the Secretary was wholly free from any influence, save his judgment of the suitableness of the location and the donations towards its cost. Those donations were to the government, the public itself, not to an official, and we perceive nothing in them that would tend to public detriment. Even if they influenced him, it does not follow the public interest was not subserved. All reasonable inferences are to the contrary. Obviously a site at least as suitable and convenient could be procured with the larger means as with the smaller, and in all reasonable probability a better one, notwithstanding any claim to the contrary. Every influence upon official action is not against public policy. It is only that which is immoral in its conception, or tends to impair official fidelity, or otherwise contravenes the established interest of society. The right of the complaining parties, which was accorded, was that their property should not be taken, except for a public use, and that they be paid just compensation. They had no legal right to have the competition confined to sites actually worth $15,000 or less. If one worth $30,000 could be obtained for half that amount in public funds, why should the government not avail itself of the opportunity? It is not against public policy for the owners of a very valuable location to reduce the price to the sum appropriated by Congress for the sake of profiting by an increase in value of their adjacent property, or for the owners of adjacent property to pay direct to the owners of the property selected, and thereby reduce the cost to the government. A contribution to the government itself cannot be different in principle.

A public building was to be erected in Greeley, and a site satisfactory to the Secretary of the Treasury had to be selected. The donations in question inured to the benefit of the public. They were not given

to any official for the purpose of influencing his judgment, nor to an individual to influence the judgment of an official charged with a public duty, nor was their tendency to affect the exercise of the judgment of an official contrary to the public interest.   There is abundant authority for the rule that, if a public institution must be located or structure built, private contributions on condition that a particular location is selected are not against public policy.   Island County v. Babcock, 17 Wash. 438, 50 Pac. 54; State v. Elting, 29 Kan. 397; Pepin County v. Prindle, 61 Wis. 301, 21 N. W. 254; Thompson v. Supervisors, 40 Ill. 379; Wisner v. McBride, 49 Iowa, 220; State v. Johnson, 52 Ind. 197; Stilson v. Commissioners, 52 Ind. 213; George v. Harris, 4 N. H. 533, 17 Am. Dec. 446.   See, also, Ford v. North Des Moines, 80 Iowa, 626, 45 N. W. 1031; Dishon v. Smith, 10 Iowa, 212; Wells v. Taylor, 5 Mont. 202, 3 Pac. 255.

The judgment is affirmed.