FIRST TEXAS STATE INS. CO. v. JONES.
(No. 1311.)

(Court of Civil Appeals of Texas. Texarkana. April 23, 1914.)

INSURANCE (§ 668*) — ACTION ON POLICY — QUESTION FOR JURY.

In an action upon an accident policy, evidence *held* to make it a question for the jury whether a loss, to the insured was the result of sickness or of an accident within the meaning of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by H. M. Jones against the First Texas State Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Head, Smith, Maxey & Head and J. F. Holt, all of Sherman, for appellant. J. H. Randell, of Denison, for appellee.

WILLSON, C. J. Appellee sued appellant in a justice court, on a policy insuring him against loss as the result of accident or sickness, and on an appeal to the county court prosecuted by appellant recovered judgment against it in the sum of $196.70.

The policy was issued December 5, 1911, in consideration of $1.90 then paid to appellant, and appellee's undertaking to pay it thereafterwards, on the 1st day of each month, $1.90 as a renewal premium. It contained stipulations as follows: (1) "Loss resulting wholly or partly from * * * lumbago, crick or lame back, sprain or strain of the back * * * is hereby classified as resulting from sickness, the original cause of such loss, or of the ailment causing the loss, notwithstanding." (2) "No payment of indemnity shall be made * * * for any disease or sickness contracted or beginning before this policy has been maintained in continuous force for five days after the first monthly renewal premium is due and actually paid."

Appellee was a section hand on a railroad, and was injured December 31, 1911. He testified: "I was toting a cross-tie. It was

about 11 o'clock. We was in a cut, and I had a cross-tie on my shoulder. It was dark, and I was going along walking to keep out of the mud. I was stepping on these dry places, and missed one of them and fell in between the ties, and my head hit the tie. I had the tie on my shoulder, and that pressed me to the rail. Two men took the tie off of me. One throwed two ties together across the top and laid me down on it. They kept me laying there until 2 o'clock and then brought me home. I am a laboring man. I was in bed disabled until about the 21st of May. * * * I was hurt in the left hip, shoulder, and neck. There was no bruises on skin or anything, but there was swelling which was visible. It looked just like a sore place. * * * My back was hurt in the lower part. I do not know whether I had a sprain or not."

Appellant's contention was, and is, that it conclusively appeared from the testimony that the loss to appellee was the result of sickness, and not of an accident, within the meaning of the stipulation in the policy first set out above, and that therefore, by force of the other stipulation set out, it appeared as a matter of law that it was not liable to appellee. This insistence, as it is made in the brief, is based on the testimony of the witness Dr. Fleming, to the exclusion of the testimony of appellee as a witness in his own behalf. Of course, the trial court in determining the contention in the first instance should not have ignored the testimony of appellee, nor should we ignore it in reviewing his action. If, however, Dr. Fleming's testimony was all there was in the case, we would be of the opinion it made a question for the jury (Kenny v. Ins. Co., 136 Iowa, 140, 113 N. W. 569), and therefore that the trial court did not err when he overruled the contention. Indeed, it rather appears from the statement in its brief that appellant's insistence to the contrary may have been due to an unwarranted construction it gave to Dr. Fleming's testimony. After that witness had testified that he treated appellee during four months, during which time he was confined to his bed and suffered from "his head, shoulders, back, and hips," he was asked this question: "Give me a history of the case. Was he suffering from bodily injury, or was it sickness he was suffering from and not an injury?" And replied: "That is my opinion." Construing the question and answer, appellant in its brief quotes the witness as saying: "It is my opinion that it was sickness he was suffering from, and not an injury." It is plain it might as reasonably be said that the answer of the witness was: "It is my opinion that it was an injury he was suffering from, and not sickness." It is apparent, we think, that the reply of the witness did not answer the question propounded to him, and left the court and jury without information as to whether he thought appellee was suffering from sickness or an injury. The witness further testified: "I found no broken bones, or cuts or bruises, and found him complaining of pains up and down his back. The pain was in the small part of his back, and he could not straighten up his neck. I would call it a wrenched back—traumatic injury to the spine. I would not say whether his neck was wrenched or sprained in the fall or not. Think the muscles were sprained or wrenched, but there were no broken bones or dislocations. * * * He could not bend his back. His back was weak, though he was not lame in the back. * * * There was swelling about his shoulder, and I could not get him to straighten it. I don't think he could use his neck much." As we view it, the testimony of the witness fell short of showing conclusively that appellee's disability was due either wholly or partly to lumbago, crick, or lame back, or a sprain or strain of the back. The jury, we think, reasonably might have concluded that the injury to appellee's back was not due to a sprain or a strain thereof, but to a bruise or confusion suffered when he fell, which did not result in either lumbago, crick, or lame back. If it should be said that it appeared from the doctor's testimony that he entertained an opinion to the contrary, the answer, we think, is that the jury were not bound by his opinion.

The judgment is affirmed.