ROBERT F. FITCH, Appellee, v. THE MASON CITY AND CLEAR LAKE TRACTION COMPANY, Appellant.

**Street railways:** EVIDENCE ON FORMER TRIAL. A translation of the reporter's shorthand notes of testimony taken on a former trial, may, if the witness is not present in the court room at the time it is offered, be read in evidence on a retrial.

**Evidence.** Evidence that other passengers had occupied the seat in a street car, in which plaintiff was sitting when injured, was admissible for the purpose of showing that it was one provided for passengers.

**Introduction of evidence.** The order of the introduction of evidence is discretionary with the trial court.

**Instructions:** UNCERTAINTY. In an action for personal injury alleged to have resulted from defendant's negligence, an instruction, that if certain facts were found a presumption of defendant's negligence arose which it had the burden of rebutting, is sustained over the objection that it was uncertain and misleading.

**Instructions:** PRESUMPTION OF NEGLIGENCE. Where the evidence shows that a passenger was thrown, by a sudden lurch of the car, out of his seat and injured, and that the accident would not have happened had defendant used the requisite degree of care, and it appears plaintiff was not guilty of negligence, a presumption of defendant's negligence arises which it must rebut. The instruction given is held to comply with this rule.

Instructions: MEASURE OF CARE. An instruction regarding the measure
6  of care required of a street car company toward its passengers, is
   held not subject to the objection that it assumes defendant's negli-
   gence.

Instructions: NEGLIGENCE: SPEED OF TRAINS. A high rate of speed of
7  a railway train is not necessarily, of itself, negligence, but is de-
   pendent upon all the facts and circumstances surrounding the par-
   ticular time and place.

Refusal of instructions: NEGLIGENCE. It is not error to refuse an in-
8  struction, regarding plaintiff's contributory negligence, where the
   subject is substantially covered by the court's charge as given.

*Appeal from Cerro Gordo District Court.*—HON. C. H. KEL-
LEY, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION at law to recover damages for personal injuries
received by plaintiff in being thrown from a car which was
being operated by the defendant company. Trial to a jury,
verdict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*Cliggitt, Rule & Keeler* and *D. W. Hurn,* for appellant.

*Blythe, Markley & Rule,* for appellee.

DEEMER, C. J.— Plaintiff claims that while a passenger
on one of defendant's electric trains, running between Mason
City and Clear Lake, he was seated by the conductor on a seat
provided for passengers near an open door, and, in this ex-
posed position, was permitted to ride without warning of dan-
ger, and the train, being late, was run at an excessively
high rate of speed on a down grade, and into a ten-degree
curve of the track, where the track was out of alignment —
making a compound curve — with the result that plaintiff
was lifted and thrown from his seat out of the door and
upon the right of way of the defendant company, producing
the injuries of which he complains. The alleged grounds.

of negligence were defendant's failure to provide the seat with an arm, or to guard the open door with a gate or barrier; and second, careless and improper construction of the track, in this: " that the outer rail of said track, in approaching said curve, rose abruptly to the height of four and one-half inches; that said track was out of line, and formed a reverse curve at the inception of the larger curve; that the joint of said track was high and out of line at said curve." It is further charged that defendant ran said train at such a dangerous and high rate of speed that, when it struck this defective track, it gave a sudden and violent jerk or lurch, throwing plaintiff off his seat, out of the open door, and upon the right of way. Defendant denied all negligence on its part, pleaded plaintiff's contributory negligence, and other matters not necessary to be stated at this time. One of its contentions on the trial was that plaintiff's injury was due to the fact that he sat negligently and carelessly in his seat, and, leaning out of the open door to spit, lost his balance and fell from the car.

Both parties used the translation of the shorthand reporter's notes of the testimony taken on a former trial. None of the witnesses whose testimony was thus read were present in the courtroom, but it is claimed that

1. EVIDENCE ON FORMER TRIAL. as no showing was made of their absence from the county, or other fact entitling the parties to use their depositions, their testimony as given on the former trial should not have been received. This point we have just decided in *Lanza v. Le Grand Quarry Co.*, 124 Iowa, 659; disposed of at the present term, wherein it is held that, if the witness is not present in the courtroom at the time his testimony is offered, a translation of his evidence given on a former trial may, under our present statute, be read in evidence. Following the rule announced in that case, it is apparent that there was no error here of which defendant may complain.

II.   Complaints are made of various rulings on evidence, to some of which we shall now refer.

Testimony was received tending to show that many other persons previous to the accident rode upon the seat on which plaintiff was sitting at the time he claims he was thrown 2. EVIDENCE. out.   This testimony was clearly admissible for the purpose of showing that the plaintiff was upon a seat provided for passengers, or used by them with the knowledge and consent of the servants of the company in charge of the car.

The cross-examination of some of defendant's witnesses is complained of.   This is so largely a matter of discretion in the trial court that we do not ordinarily interfere.   There was no abuse of discretion here.

Further, it is argued that the court erred in permitting the introduction of testimony in rebuttal which should have been introduced by plaintiff in making out his case.   The 3. INTRODUCTION order of the introduction of testimony is also a OF EVIDENCE. matter of discretion, and we do not ordinarily reverse because testimony has been offered out of its proper, order.   We shall not cite authorities upon these propositions, as they are familiar to the profession.

There were no prejudicial errors in rulings on evidence.

III.   Of the instructions given by the trial court, the one most complained of reads as follows:   "(19) While the burden of proof is upon the plaintiff to show the negligence of defendant, yet, if you find from the evidence intro- 4. INSTRUCTIONS: duced upon the trial that plaintiff was not guilty uncertainty. of contributory negligence, as explained in these instructions, and that plaintiff was thrown from the car substantially as claimed by him, and that such accident would not have happened under ordinary circumstances, had the defendant, its officers and employes, exercised the utmost care and foresight, as explained in paragraph seven hereof, a presumption of negligence against the defendant is raised, and

the burden is then cast on the defendant to rebut this presumption. To this end, the defendant must prove that, as to the matter which the circumstances indicate were the cause of said accident, its officers and employes exercised that high degree of care which the law requires of them."

Several objections are made to this instruction. It is said that it is uncertain as to what claims are referred to — whether those stated in the petition or in plaintiff's evidence; uncertain as to what facts and circumstances might be considered in support of the presumption — that is, whether those alleged as negligence or otherwise; and that the jury was warranted therefrom in concluding from the testimony that, if the plaintiff fell from the car and was injured, the defendant was presumed to be negligent.

As to the first point, there is no mistaking the court's meaning. Plaintiff's claim was stated in his petition. His testimony was in support of that claim, and there was evidence which tended to support every allegation in the pleading. So that, whether we look to the petition or to the evidence, his claim was one and the same. The jury could not have been misled, even if in doubt as to which claim the court referred to.

The second point made against it — that it was left uncertain as to what circumstances the jury might consider in support of the presumption — is equally untenable. Manifestly the instruction refers to the claims made by the plaintiff, which, as we have said, were sufficiently definite; and the word "circumstances," used in the last sentence of the instruction, clearly has reference to the same matter.

In other instructions the jury was plainly told that, in order to recover, plaintiff must establish the negligence charged, and the last sentence of the charge refers to the matters charged which the circumstances proved indicated were the cause of the accident. That instructions should be construed together is a rule of law so well settled that it is useless to cite authorities in its support.

Lastly it is argued that the instruction is erroneous for the reason that the jury was justified in presuming negligence from the fact that plaintiff received injuries while a passenger on defendant's train. If this were the proper construction of the charge, there would be no doubt of its incorrectness. But such is not the true interpretation thereof. Notice that the instruction is so worded as that the jury was not justified in indulging in the presumption, unless plaintiff proved that he was thrown from the car substantially as claimed, and that such accident — that is, being thrown from the car as claimed — would not have happened, under ordinary circumstances, had defendant used the care required of it. The words " such accident " have reference to something more than the mere fact that plaintiff was injured. They at least refer back to his being thrown from the car through some neglect of the defendant. So construed, the instruction is correct. Defendant's contention that the presumption does not arise from the mere fact of injury alone, and does not in any case arise in the absence of proof of some defect in the instrumentalities of transportation, is only partially true. Of course, mere proof of injury, without showing a collision, derailment, or other cause or circumstance connected with the operation or equipment of the road, does not make out a *prima facie* case of negligence. In other words, from the mere fact that plaintiff was found along the side of the track with his leg broken, no presumption of negligence arises. The presumption arises, if at all, from the cause of the injury, which was the accident referred to by the court in this case, and from the circumstances attending it. When these are so unusual and of such a nature that the accident could not well have happened without the defendant being negligent, or when it is caused by something connected with the equipment or operation of the train, a presumption of negligence arises on the part of the company; and plaintiff, upon proof of his freedom from contributory negligence, is entitled to the verdict, unless the

*5. INSTRUCTIONS: presumption of negligence.*

defendant shows that its negligence in the respects charged did not cause the injury.    See *Barnowski v. Helson,* 15 L. R. A. 33, and note; *Farish v. Beigle,* 62 Am. Dec. 666, and note; *Phila. Co. v. Anderson,* 29 Am. St. Rep. 483; *Louisville Co. v. Hendricks,* 128 Ind. 462 (28. N. E. Rep. 58); *Pershing v. R. R. Co.,* 71 Iowa, 561.

Defendant, while, in effect, conceding these rules, which are nothing more than amplifications of the maxim *res ipsa loquitur,* contends that they do not apply where the plaintiff is injured or thrown from a car by. a sudden jerk or lurch. There are some cases which tend to support this contention. *Stewart v. B. & P. R. R.,* 146 Mass. 605 (16 N. E. Rep. 468); *Heistine v. Lehigh Valley Co.,* 151 Pa. 244 (25 Atl. Rep. 104); *Wilder v. R. R.* (Sup.) 41 N. Y. Supp. 934. Properly analyzed, not all of these cases hold to the rule contended for by appellant.    Some of them do, but in this they are out of harmony with the weight of authority.    See Fetter on Carriers of Passengers, 1213, and cases cited; *New Jersey Co. v. Pollard,* 22 Wall. 341 (22 L. Ed. 877); *Lavis v. Co.,* 54 Ill. App. 636; *Murphy v. R. R. Co.,* 36 Hun, 199; *Baltimore Co. v. Swann,* 81 Md. 400 (32 Atl. Rep. 175, 31 L. R. A. 313·); *Burr v. Pennsylvania Co.,* 64 N. J. Sup. 30 (44 Atl. Rep. 845); *Consolidated Co. v. Thalheimer,* 59 N. J. Err. & App. 474 (37 Atl. Rep. 132); *Dougherty v. R. R. Co.,* 81 Mo. 325 (51 Am. Rep. 239); *Sprague v. R. R. Co.,* 34 C. C. A. 207 (92 Fed. Rep. 59); *Birmingham Co. v. Hale,* 90 Ala. 8 (8 South. Rep. 142, 24 Am. St. Rep. 748).    Most of the cases seem to hold that unless the jerk, jar, or lurch of the car is extraordinary or unusual in character, no presumption of negligence arises.    We think the true rule was given by the trial court, to wit, that where the evidence shows that a passenger is thrown, by the sudden lurch of a car, out of his seat and onto the ground, and such accident would not have happened under ordinary circumstances, had defendant's servants used the requisite degree of care, and the passenger shows that he was not guilty of contributory

negligence, then a presumption of negligence on the part of the carrier arises, which must be met by it. This, of course, saves to a defendant the right to insist that the lurch or jerk was no more than would have happened, had it been in the exercise of due care. The instruction does not announce the doctrine that the presumption arises from the mere fact that plaintiff fell from the train; nor does it hold that it would arise from the proof of any lurch or jerk or jar of the car, as contended by appellant. According to the charge, it would only arise when plaintiff proved that he was thrown from the car by a sudden lurch, and it further appeared that such accident would not ordinarily have happened, had defendant's employes been in the exercise of the care required of them. Thus construed, the instruction was not erroneous.

The instruction as to the measure of care required of the defendant reads in this wise: "It is admitted by the defendant that it is a common carrier employed in trans-

**6. INSTRUCTIONS: measure of care.** porting passengers. It is the duty of defendant not to expose its passengers to any danger which human care and foresight could reasonably anticipate and provide against, and to exercise the highest degree of care and diligence reasonably consistent with the practical operation of its railroad and the conducting of its business. And if, from the evidence introduced upon the trial, you believe that the plaintiff, while a passenger on the car of defendant, received an injury, resulting from the carelessness or negligence of the defendant or its employes in providing a seat without any guards, substantially as alleged, or in running, managing, and operating said car, or in constructing and maintaining its track at the place alleged, you should find for the plaintiff, provided you further believe from the evidence that plaintiff's own negligence did not contribute to such injury." This instruction must be read in connection with No. 19, which we have just been considering. Defendant contends that it also is erroneous

because it assumes that defendant was negligent in not pro·
viding a guard for the seat.    This is an evident misconcep·
tion of the instruction.    The jury was left to say whether
or not defendant was negligent in providing a seat without
a guard.

An instruction with reference to the effect to be given
some claimed admissions made by the plaintiff is complained
of.    It is the usual stereotyped instruction relating to this
matter, and need not be repeated.    Suffice it to say, there
was no error therein.

The instruction with reference to rate of speed is also
challenged.    It reads as follows:    " A high rate of speed of
a railway train will not of itself establish or prove negligence
of the railway company.    Railway companies

**7. INSTRUCTIONS:**
**negligence;** may run their cars at such speed as, under all
**speed of trains.** the circumstances, shall comport with the rule
of law which requires them to exercise the utmost care and
foresight for the safety of their passengers, as explained in
paragraph seven hereof.    And whether a given rate of speed
comports with the rule depends on the circumstances, such as
the condition and curvature of the track, the danger, if any,
to passengers occupying any and all seats where passengers
are accustomed and permitted to ride, of being thrown from
the car by the movement thereof, and all the facts and cir-
cumstances surrounding the particular time and place in
question, as you find same to be shown by the evidence in-
troduced upon the trial."    Defendant asked one which it
claims should have been given, and it also insists that the
one given was erroneous.    There is little, if any, difference
in the two, and, in so far as they differ, the one given by
the trial court is approved.    It announces the law as we
understand it.

Contention is made that the instructions, as given, made
the defendant practically an insurer of plaintiff's safety.    We
do not think they will bear this construction.    True, the
court did refer to the fact that it was defendant's duty to use

the high degree of care already referred to, so as to carry plaintiff safely to his destination — in other words, to the end that he might be safely carried. There was no error here.

Of the instructions asked by the defendant and which were refused, there is but one which need be specially considered, as such of the others which announced correct rules of law were substantially given by the court in its charge. This one reads: " If plaintiff was sitting in an apparently dangerous position, next to an open space, without any barrier to protect him from falling or being thrown from the car, and while so sitting, carelessly leaned outward to spit, and by reason of such leaning outward, fell from the car, then such leaning was negligence on his part, and was the proximate cause of his injury, and defendant's agents and servants who were operating the car were not under any obligations to anticipate any such action on the part of plaintiff, or to ward or guard him against such act, or against the consequences that might result therefrom; and under such circumstances, plaintiff would not be entitled to recover any sum whatever in this action, and your verdict should be for the defendant." There is some evidence that plaintiff said shortly after the accident that he was leaning out of the car to spit when the train struck the curve in the track. The trial court did not cover this identical proposition in any paragraph of its charge. It did instruct, however, that plaintiff must show that he did not by his own negligence contribute to the accident, and that his injury was due to the negligence of the defendant company. It also gave the following instruction: "(8) If you believe from the evidence that the injury to the plaintiff in this suit happened to him by mere accident, and without any fault on the part of defendant or its employes, then the plaintiff cannot recover in this action. The defendant is not an insurer of the safety of its passengers, and it is only liable when injuries are incurred without fault

8. REFUSAL OF INSTRUCTIONS: negligence.

on the part of the person injured, and because of negligence on the part of the defendant." This, it seems to us, sufficiently covered the point, although not as specifically, perhaps, as in the instruction asked by the defendant. While the trial court might very well have given the one asked, or something like it, yet we think the matter was so fully covered in the charge as given that no prejudice resulted.

There is a conflict in the testimony as to how the accident occurred, and we cannot say that the verdict is without support.

We have now discussed every debatable proposition in the case, and, finding no prejudicial error, the judgment is AFFIRMED.