MRS. JENNIE LASELL, Appellee, v. TRI-STATES THEATRE CORPORATION, Appellant.

No. 46578.

JANUARY 9, 1945.

Miller, Huebner & Miller, of Des Moines, for appellant.

Putnam, Putnam, Fillmore & Putnam, of Des Moines, for appellee.

HALE, C. J.—This is the second trial of a suit for damages brought by appellee against the theater corporation. The first trial resulted in a verdict for appellant herein and was appealed to this court and reversed. The opinion in that case was filed

September 21, 1943, and is found in 233 Iowa 929, 11 N. W. 2d 36. The trial of the present case in the district court resulted in a verdict for appellee in the sum of $7,500 and appellant assigns four grounds of error. The facts are fully reviewed in the former opinion and are substantially the same as developed on the second trial. It is, therefore, unnecessary to state them here except as they may concern certain questions not present in the first trial of the case.

Appellant alleges the court erred (1) in permitting appellee to read into evidence testimony given at the former trial by a witness who was present in court at the second trial (2) in submitting unbalanced instructions (3) in overruling appellant's motion for directed verdict in view of the evidence upon retrial and (4) in permitting an excessive verdict to stand.

I. Appellant contends the court erred in permitting appellee, over the objection of appellant, to read in evidence the transcript of the testimony on the former trial containing the cross-examination, redirect examination, and recross-examination of Roland G. Harrison, when the said Roland G. Harrison was present in the courtroom at the time the portion of the transcript was read, and in sustaining appellee's objection to permitting appellant to cross-examine said Harrison. This objection was presented to the trial court both at the time and in appellant's motion for new trial.

Roland G. Harrison was an architect who had been employed by the theater corporation to make some changes in the theater after appellee sustained her injury and who had testified at the first trial in regard to the condition of the theater. Upon the offer of appellee's attorney to read Harrison's testimony objection was made by appellant that Harrison was present in Des Moines at the time. However, he was not present in the courtroom. Objection was further made that Harrison had been called as a witness for appellant in the first trial; that he was in Des Moines and available; and if called as a witness for appellee, appellant would be entitled to subject him to cross-examination. Appellee's attorney then proceeded to read the testimony on the direct examination of Roland G. Harrison from the transcript of the former trial. Appellant then interposed objection to the cross-examination being read from the tran-

script on the ground that appellee had adopted the witness as her own witness, and had read the examination in chief, and therefore did not have the right to cross-examine her own witness. The court apparently was in some doubt but to permit appellee to produce authorities adjourned court about an hour before the usual closing time. Appellee, however, asked to continue to read the remainder of the witness' testimony from the transcript but was not permitted to do so and the reading of the remainder of the testimony was adjourned until the following morning. Appellee then renewed his offer to read the cross-examination and redirect examination, and, not being permitted to do so at that time, asked that he be allowed to read them into the evidence on the following morning after the jury had been convened, with the same right as he had at that time under the record as it then stood. When the trial was resumed the next morning objection was made by appellant on the ground that the witness, Roland G. Harrison, was present in court and willing to testify as a witness and that the ground for offering such testimony in the witness' absence had been removed. Objection was also made to reading the cross-examination on the ground that the questions to the witness were leading and in the nature of an impeachment of the witness, since appellee had adopted Harrison as her own witness and was not entitled to cross-examine him, was not entitled to impeach him, nor to ask leading questions. The court overruled appellant's objections and permitted appellee to complete the reading of the evidence from the transcript. It was then read. Appellant then moved to strike the testimony just read for all the reasons urged in its objections, since the witness was present in court, and for the other reasons set out above. Further objection was made to the reading of the redirect examination on the ground that appellant elected to examine the witness in person at that time and could not be forced into the reading of the redirect examination from the transcript for the reason that it had a right to cross-examine him at that time, and asked that it be permitted to then cross-examine him. The objection was overruled. The redirect examination was then read by appellee's attorney. Mr. Harrison was then called as a witness by appellant, and after the usual preliminary questions appellee objected to his examination at

that time as being irregular and not being done with the consent of appellee. The objection was sustained. A further motion on behalf of appellant to strike all the testimony of Roland G. Harrison was overruled by the court. We have endeavored to give in substance the record of the court in regard to the objections offered, especially since this seems to be considered the most important of the errors assigned. Both appellant and appellee devote the largest part of their arguments to this assigned error.

Appellee was injured on June 8, 1941. The first trial began May 22, 1942. The trial in the present case commenced on December 6, 1943. Section 11353, Code of 1939, which has remained unchanged for many years, appears not to have been affected by the Rules of Civil Procedure, and reads as follows:

"The original shorthand notes of the evidence or any part thereof heretofore or hereafter taken upon the trial of any cause or proceeding, in any court of record of this state, by the shorthand reporter of such court, or any transcript thereof, duly certified by such reporter, when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken, and for purposes of impeachment in any case, and shall have the same force and effect as a deposition, subject to the same objections so far as applicable."

Appellant cites the case of Lanza v. Le Grand Quarry Co., 124 Iowa 659, 100 N. W. 488. The opinion in that case refers to the statute as it now appears and refers particularly to that portion which holds that the shorthand notes shall have the same force and effect as the deposition of a witness regularly taken for statutory grounds. The opinion states that so considered they are admissible in evidence the same as a deposition, subject to the same objections so far as applicable, and that it is quite generally held that where a witness whose deposition is generally offered is present in court at the time his testimony is desired his testimony cannot be read. A witness was present but his examination was so circumscribed by the ruling of the court that this court did not hold that any prejudice resulted from the reading of his former testimony. But as to another

witness who was present, his entire testimony was read from the translation and he was not called to the stand by either party, and the court held that the ruling of the trial court permitting the reading of the transcript was as to this witness erroneous. The opinion was written by Justice Deemer.

In the case of Fitch v. Mason City & Clear Lake Traction Co., 124 Iowa 665, 667, 100 N. W. 618, 619, also an opinion by Justice Deemer, the court held as follows:

"Both parties used the translation of the shorthand reporter's notes of the testimony taken on a former trial. None of the witnesses whose testimony was thus read were present in the courtroom, but it is claimed that as no showing was made of their absence from the county, or other fact entitling the parties to use their depositions, their testimony as given on the former trial should not have been received. This point we have just decided in Lanza v. Le Grand Quarry Co., 124 Iowa 659; disposed of at the present term, wherein it is held that, *if the witness is not present in the courtroom at the time his testimony is offered,* a translation of his evidence given on a former trial may, under present statute, be read in evidence. Following the rule announced in that case, it is apparent that there was no error here of which defendant may complain." (Emphasis supplied.)

See, also, Van Norman v. Modern Brotherhood of America, 143 Iowa 536, 121 N. W. 1080.

In the Lanza case the witnesses were present in the courtroom at the time the evidence was offered, and it may be noted that the decision does not refer to the time at which the evidence was read but to the time at which the offer was made.

Appellant also cites Loos v. Callender Sav. Bk., 174 Iowa 577, 156 N. W. 712. The situation in that case was the same as in the present case. There had been a former trial and when the case came on for retrial the transcript of the evidence and some other matters were lost. The plaintiff was present in court and introduced in evidence the abstract used on the appeal of the first case and read therefrom what purported to be his testimony in the trial of that case, over the objections of defendants and the objection as to the competency of the witness

as to a transaction with a party then deceased. The ruling on this offered testimony was that the witness was present in the courtroom and could not offer the abstract of the record of the case on the former appeal as his deposition. It seems to us that under no circumstances could an abstract on appeal be admitted as taking the place of the reporter's transcript provided for by statute. Appellant also cites Beem v. Farrell, Iowa, 108 N. W. 1044 [135 Iowa 670, 113 N. W. 509], which refers only to interrogatories.

However, under our holdings the court has not limited the use of a transcript of former testimony by the exact rules applying to depositions. In Owens v. Leland Farmers Elev. Co., 198 Iowa 271, 273, 198 N. W. 19, 20, the court, in a proceeding where it was sought to introduce in evidence a transcript of the evidence of witnesses upon the former trial against appellant's contention that the witnesses whose evidence was so introduced were within the jurisdiction of the court and were within the reach of a subpoena and that in fact they resided in the same county in which the case was being tried, permitted the introduction in evidence of such transcript. It was shown that none of the witnesses was present in the courtroom in attendance on the trial at the time their testimony was offered from the transcript. The court, in the opinion, recites the statute, section 245-a, Code Supplement, 1913 (which is now section 11353) and says:

"Appellant's specific objection at this point is that, the action being at law, and the witnesses being residents of the county in which it was tried, the deposition of the witnesses would not be available to appellee, and that the statutory provision that the transcript shall have 'the same force and effect as a deposition' does, under such circumstances, necessitate that it be excluded.

"We do not think that Section 4686 of the Code, providing for certain conditions under which a deposition may be taken, is to be applied to *transcripts of evidence* under Section 245-a, Code Supplement, 1913. The statute does not provide that the transcript may be used only under conditions when a deposition could be taken and used, but it does in terms provide that the

transcript is admissible in evidence, and that it has the force and effect of a deposition. Under this statute, the rule that the official transcript of the evidence of a witness who testified at a former trial is admissible in evidence *when the witness is not present in court,* has been repeatedly recognized by this court. [Citing cases.] The cases cited illustrate the application of the rule." (Emphasis supplied.)

In the case of Lucia v. Utterback, 197 Iowa 1181, 1183, 198 N. W. 626, 627, the court said:

"The testimony of two witnesses, Dorman and Iseminger, was taken on the first hearing. These witnesses were called on the hearing in question, but failed to respond. Thereupon the court permitted their testimony, as taken on the former hearing, to be read in evidence. The petitioner relies upon the case of State v. Brown, 152 Iowa 427, to sustain his contention that this evidence was improperly received, in the absence of a showing that the witnesses were beyond the reach of a subpoena. The question considered in that case was the admission of the testimony of a witness upon a former trial, when he was beyond the reach of a subpoena at the subsequent trial, and the case did not involve a consideration of Section 245-a, Code Supplement of 1913. That section makes the shorthand notes of the evidence admissible on any retrial of the case or proceeding in which they were taken. Under this section, it has been repeatedly held that it need only appear that the witness whose former testimony is thus introduced is not present in court." (Citing cases.)

We are satisfied that, while the former testimony may be used as a deposition, yet such use is not restricted to cases where the witness is beyond the reach of a subpoena, or more than one hundred miles distant, or the other conditions used in the case of a deposition, but that such evidence may be introduced and admitted when the witness is not present in court when his former evidence is offered, whether he is within or beyond the reach of a subpoena.

This, however, does not entirely dispose of the question at issue. As we have indicated, the record shows that the offer of the testimony was made on the afternoon of one of the days of

the trial. The testimony of the witness was completed and appellee's attorney proceeded to read the cross-examination, and apparently there was ample time to complete such reading before the usual time of adjournment of the court for the day. Objections were interposed by appellant and, notwithstanding the offer of appellee's attorney to proceed with the reading, he was not permitted to do so on that day but time was given to appellant's attorney to examine the question and produce authorities before the court on the following morning. It will be noted also that objections were made both on the day when the reading was begun and the following morning when it was completed. But the only assignment of error argued on this appeal is that Harrison was present in the courtroom at the time said portion of the transcript was read (referring to the cross-examination) and that the court erred in sustaining appellee's objection to permitting appellant to cross-examine Harrison, for all the reasons and grounds urged by appellant in its objection to the reading of the testimony from the transcript urged at said time, and for all the reasons and grounds urged by appellant in paragraph one of its motion for new trial.

The objections urged in the motion for new trial include the matters set out in the assignment of error above. The objections first made on trial were on the first offer of testimony, and were: that Harrison was present in Des Moines and could be called; that he had been called as a witness for appellant at the previous trial; and that he was in Des Moines and available, and if called as a witness for appellee, appellant would be entitled to subject him to cross-examination. The objection to the reading of the cross-examination was interposed immediately after the direct examination was read and when appellee's attorney was about to read such cross-examination from the transcript, and denied the right of appellee to cross-examine his own witness. The objection made the following morning, as we have indicated, was that Harrison was then in court, that the questions in the former testimony while on cross-examination were leading and in the nature of an impeachment of the witness, the appellee having adopted Harrison as her own witness, and she therefore was not entitled to cross-examine him or impeach him or ask leading questions.

■ We think that the statute providing for the reading of testimony on the former trial fully grants the right to introduce all of the testimony, both direct and on cross-examination. We may suggest also that since the direct examination (which was offered on the former trial by appellant) had been offered, admitted, and read by appellee on the first day, the appellee also would be permitted to complete the entire reading under the principle embodied in section 11354, Code of 1939, permitting the reading of all of the shorthand reporter's notes where only part is offered or read; or under section 11273, where it is provided that where a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing necessary to make it understood or to explain the same may also be given in evidence. In State v. Thomas, 158 Iowa 687, 138 N. W. 864, the rule is laid down as to opposite parties being entitled to the whole testimony. We see no reason why, the direct testimony being in evidence, the qualifying, contradictory, or explanatory evidence of the offering party shown by cross-examination should not be allowed to be shown as a part of the whole evidence. Nor do we think that testimony once having been introduced, and the larger portion of it read, could be successfully assailed in the event that the witness appeared the next day during the reading. The written testimony at the former trial was offered, and could have been read in its entirety, and would have been so read on the day when offered.

While we hold that the rules as to the use of depositions do not control a situation such as found here, we may call attention to the fact that, even if they should govern in every respect, yet under our Rules of Civil Procedure the court could permit the introduction of this testimony under Rule 144. Said rule, after providing that a deposition may be used for impeachment or on account of inability to procure witnesses, and for other reasons, is as follows:

"(d) On application and notice, the Court may also permit a deposition to be used for any purpose, under exceptional circumstances making it desirable in the interests of justice; having due regard for the importance of witnesses testifying in open court."

So that the court under such circumstances as are detailed in said Rule 144(d) could, if the circumstances so demanded, have permitted the transcript to be read even if considered as a deposition.

As to appellant's right to cross-examine orally at the time, the appellant had the privilege of using him as a witness and could properly recall and examine him at the time of the offering of its own testimony, and this the court would permit. There could be no objection to such course. The order of introduction of evidence is set out in our Rules of Civil Procedure, No. 191, being the same as formerly presented by all our Codes, and as appeared in section 11485, Code of 1939. The court can, however, in the furtherance of justice, permit a deviation from this order by allowing evidence in the original case to be given out of order. See Rule 191(4), Rules of Civil Procedure. But the order of introduction of testimony in the trial of a case must necessarily lie within the sound discretion of the court; and the court was right in this case in refusing to permit the calling of the witness for cross-examination while appellee was presenting her case.

Appellee argues that the evidence as read from the transcript has the force and effect of an admission. But it is not an admission or declaration against interest. The witness is not shown to have had any personal interest in the outcome of the suit. It is true that in the first opinion, in referring to the cross-examination of Harrison, the court refers to the witness as having admitted that two methods of construction were used, and in another place refers to his examination as an "admission." See LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 960, 961, 11 N. W. 2d 36. But the words are not used as admissions against interest. Nor do we find that the evidence indicates any agency of Harrison. We base our holding on the fact that under circumstances such as detailed here, the witness not being present when the evidence is offered, the statute permits the introduction of the testimony given at the previous trial. We are satisfied that under our previous holdings the court was correct in admitting the transcript and its action in so doing was authorized by the terms of the statute.

II. Appellant objects to certain instructions given by

the court, which objections are particularly directed to Instructions Nos. 7, 9, 12, and 13.

The specific criticism as to Instruction No. 7 is that the court failed to charge the jury that the appellant had the right to assume that the patrons of the theater would exercise ordinary and reasonable care, and complaint is made that while Instructions Nos. 11 and 12 charge the jury that appellee had the right to assume appellant would exercise ordinary care, it was prejudicial for the court to omit from Instruction No. 7 a similar charge. The objection to this alleged error is without merit. No request was made for such instruction. The rule, well established by our decisions, is that correct instructions are sufficient in the absence of a request for further elaboration. If such had been desired, request should have been made. See Siesseger v. Puth, 216 Iowa 916, 922, 248 N. W. 352, and cases cited; and McQuillen v. Meyers, 213 Iowa 1366, 1372, 241 N. W. 442, and cases cited. This is the general rule supported by many Iowa authorities. The instruction as given was correct.

Instruction No. 9 referred to the duty of the theater to exercise ordinary and reasonable care to give warning of any dangers not readily observable. This is criticised for the reason that it is alleged there is no evidence to support the submission of such instruction. We disagree with this statement. There was evidence properly submitted to the jury that the step was not readily observable.

Objection is made to the reference to "hazard" in Instruction No. 13 on the ground that the evidence did not disclose any hazard in the theater not discoverable to any person using ordinary care. This was a question for the jury and was guarded by the further language: "In this connection, however, you are further instructed that if the plaintiff did not know of the hazardous condition, if one existed * * *." The reference is to the hazard, "if any." There was no reference to facts not supported by the evidence, nor any assumption of fact as established, since the court fully qualified its statements in regard to the alleged hazard.

Upon an examination of the instructions we find they follow carefully the rules and directions given by this court on the first appeal. The court fully instructed on the duty of the

appellant to exercise ordinary care and also on the rules as to contributory negligence. Throughout the instructions the court carefully defined the rights and liabilities of each party and we find no serious objections to the instructions as given. In the present case, with the same facts as in the first appeal, the district court on retrial was entitled to consider that the rules of law announced in the prior opinion were a safe guide to follow, and it did so follow them. On the whole, the instructions follow carefully the rules laid down in our former opinion and fairly present the duties of both parties to the controversy.

A question is raised by appellee in her argument that appellant does not argue the error it has assigned and has not assigned the error it has argued. We need not review this objection to appellant's assignment. We have taken the errors as assigned in appellant's argument, as set out by it, and are compelled to hold that the exceptions to the instructions show no reversible error.

III. The third assignment of error is based on appellant's claim that appellee was guilty of contributory negligence and that the court erred in refusing to direct a verdict on that ground. Under the evidence on the former trial, which in substance was the same as on the second hearing, there was a motion for directed verdict based on the same ground and a like ruling by the district court. The question was presented on the appeal of the first case and the court ruled against appellant's contention. In the former opinion the matter of contributory negligence was fully discussed and the majority of the court held at that time that there was sufficient evidence to submit that question to the jury. There was a dissent by Justice Smith in which the writer joined. While it is still the writer's opinion that the case, both on the first and second trials, should have been taken from the jury on a directed verdict, yet the majority of the court thought otherwise at the time of the previous appeal and still adhere to that opinion on this submission. We are satisfied that the ruling of the court on the former appeal is the law of the case.

Appellant urges that the theory of the law of the case is a rule of convenience generally adhered to, but not necessarily so,

and that the court is not precluded by a decision which on later consideration it is convinced is wrong. This is no doubt true, and it is also true that the court has the power to correct a former decision when convinced that it is wrong; but when a decision is once entered upon a particular branch of a case on appeal, unless the court is fully and thoroughly convinced that an injustice will be caused thereby, it should adhere to its former opinion. The district court on retrial must necessarily look to the pronouncement of the appellate court as a guide. Nor can the supreme court on a second hearing lightly disregard a rule established by it in the same proceeding. On this appeal the majority of the court adhere to their former opinion as to contributory negligence and the law of the case on this point has been determined as in the first appeal.

██ IV. In its motion for new trial appellant urged that the verdict awarded was excessive and influenced by passion and prejudice, and assigns as error the refusal of the court to sustain such motion. While the verdict is large, it was for the jury, under the evidence, to determine the amount. This court undoubtedly has the power to reduce a verdict under properly imposed conditions, or even set aside a verdict when the amount awarded is excessive to such an extent as to indicate that it was the result of passion and prejudice, but such fact must appear clearly in order to justify such action. The jury has a discretion in such matters, and though we have not hesitated in the past, and should not hesitate, where there appears to be reason therefor, to make a reduction in the amount of a verdict, yet in the present case we do not think that the verdict was so excessive that it calls for action on our part. There was evidence submitted to the jury of extensive injuries amounting to permanent disability.

While, as heretofore stated, the writer does not agree that appellee was free from contributory negligence, and therefore would hold that she had failed to make out a case entitling her to damages, yet in view of the holding of the majority of the court otherwise, the verdict and judgment of the district court must be, and is, affirmed.—Affirmed.

GARFIELD, MANTZ, BLISS, MULRONEY, WENNERSTRUM, and OLIVER, JJ., concur.

SMITH, J., agrees with the writer of the opinion that there should have been a directed verdict for defendant on the ground of contributory negligence.

MILLER, J., takes no part.