**Tony SCHROEDL and Catherine Schroedl, Appellants,**

v.

**Leo V. McTAGUE and Frances McTague, Appellees.**

No. 53281.

Supreme Court of Iowa.

July 24, 1969.

James Furey, Carroll, for appellants.

Allan F. Nash and Thomas R. Eller, Denison, for appellees.

MOORE, Justice.

This case involving action on a promissory note like "Ol' man River" seems to "just keep rollin' along". It is now before us on a third appeal. In Schroedl v. McTague, 256 Iowa 772, 129 N.W.2d 19, filed June 9, 1964, we reversed and remanded the case where it appeared certain evidence of admissions on the question of revival of an otherwise barred debt, due to limitations, was rejected by the court. After stating the record was confusing and difficult to follow we held plaintiffs' evidence was sufficient to require submission of the case to a jury. In an effort to be helpful to the parties and trial court on retrial we discussed Code section 614.11 and stated several legal principles applicable to the pleaded issues.

In Schroedl v. McTague, 259 Iowa 627, 145 N.W.2d 48, filed September 20, 1966, we affirmed the trial court's order granting a new trial subsequent to a jury verdict for plaintiffs. We therein approved the trial court's denial of plaintiffs' motion for summary judgment, the overruling of plaintiffs' motion for directed verdict and established the applicability of several legal principles on retrial.

On the third trial the jury on June 26, 1967 returned a verdict for defendants. From judgment thereon plaintiffs have appealed. We affirm.

The evidence submitted was rather brief. It consisted of plaintiff Catherine Schroedl's testimony, the reading of the depositions and certain admissions of defendant Leo V. McTague and introduction of exhibits. The additional record and plaintiffs-appellants' briefs and arguments are prolix and difficult to follow as plaintiffs before, during and after the trial filed, submitted and argued numerous motions and applications.

Plaintiffs assign 26 errors including one which contains five subdivisions. They are argued under 13 divisions. Much repetition is found in plaintiffs' briefs. Without setting them out here we shall attempt to consider plaintiffs' many contentions.

On October 5, 1961 plaintiffs filed their petition seeking judgment on a promissory note alleged to have been executed by defendants on January 25, 1947. This one year note was in the principal sum of $10,000 with several years accrued interest. Defendants' answer, among other things, raised the statute of limitations, Code section 614.1(6). Plaintiffs' petition as amended alleged defendants had within ten years

prior to the commencement of this action admitted in writing the indebtedness upon which the claim was based and that these admissions were by federal and state tax returns and other writings. They sought to avoid the statute of limitations under the provisions of Code section 614.11. Details of the claimed facts are set out in the prior opinions and will be referred to infra as plaintiffs' assigned errors are considered.

The trial court during the last trial stated to counsel he believed there was only one issue involved and in the jury instructions said: "The due execution, consideration for, and the delivery, together with the ownership of the promissory note is not in dispute. The sole issue for your determination is whether under the evidence presented the cause of action was revived by an admission or admissions in writing signed by the defendants." The parties made no objections to the court's statement of issues.

I. In division I of their brief plaintiffs assert the trial court erred in overruling their (1) motion for summary judgment, (2) motion for judgment on the pleadings, (3) motion for directed verdict and (4) contention the verdict was not sustained by the evidence.

Immediately before the third trial plaintiffs' counsel, after some discussion of a prior motion in limine, stated: "The next thing I want to do is renew the motions I made prior to the last trial in August 1965. I am talking now about the motion for summary judgment and motion for judgment on the pleadings."

The trial court then asked: "Are you going to detail it?" Mr. Furey answered "No." He then renewed plaintiffs' motion for judgment on the pleadings. They had not been changed since the first trial.

Mr. Furey then stated: "Comes now the plaintiffs and renew their motion for summary judgment as heretofore made in this cause. That is all I can say about that.

I must refer to what I already have on file."

In the second appeal we affirmed the trial court's overruling of plaintiffs' motion for judgment on the pleadings and for summary judgment. Plaintiffs, however, persist in their contentions and again assign the same two errors. In addition to the reasons stated in our second opinion the ruling of the trial court here was correct as our second opinion establishes the law of the case as regards these two motions. Plaintiffs asserted no new ground for either motion. They merely renewed motions which we had held not good.

██ It is the settled rule that the decision of this court upon a prior appeal becomes the law of the case and is to govern upon a subsequent trial thereof in the district court and upon another appeal unless the facts before the court upon the subsequent trial are materially different from those appearing upon the prior trial. Reich v. Miller, 260 Iowa 929, 938, 151 N.W.2d 605, 610; Iowa Development Co. v. Iowa State Hgwy. Comm., 255 Iowa 292, 299, 122 N.W.2d 323, 327, 328; Berger v. Amana Society, 253 Iowa 378, 382, 111 N.W.2d 753, 755; State v. Di Paglia, 248 Iowa 97, 99, 78 N.W.2d 472; Des Moines Bk. & Tr. Co. v. Iowa So. Util. Co., 245 Iowa 186, 189, 61 N.W.2d 724, 726; Lawson v. Fordyce, 237 Iowa 28, 32, 21 N.W.2d 69, 73 and citations. See also "Law of the Case: Single-Suit Preclusion", Utah Law Review, 1967, pages 1–31, written by Professor Allan D. Vestal, University of Iowa.

██ II. In the second appeal we reviewed the evidence submitted by the parties and held it established a jury question. Our holding on that appeal constituted the law of the case on the questions of whether plaintiffs were entitled to a directed verdict and the evidence would sustain a verdict for defendants unless there has been a change of facts. Lawson v. Fordyce, supra; LaSell v. Tri-States Theatre Corp., 235 Iowa 492, 504, 505, 17 N.W.2d 89, 95; Swan v. Dailey-Luce Auto Co., 228 Iowa

880, 884, 293 N.W. 468, 469; Retherford v. Knights & Ladies, 183 Iowa 1099, 1100, 168 N.W. 89.

The record here is substantially the same as on the second trial. Plaintiffs were not entitled to a directed verdict. The evidence supports the verdict.

III. In division II of their brief plaintiffs assert the trial court erred in (1) excluding part of the 1962 deposition testimony of Mr. McTague, (2) overruling plaintiffs' motion to suppress questions and answers from McTague's June 14, 1967 deposition and admitting that deposition testimony, (3) excluding plaintiffs' exhibit J and (4) admitting evidence contrary to earlier ruling on plaintiffs' motion in limine.

Plaintiffs' counsel read into evidence portions of McTague's 1962 deposition. McTague therein identified Federal and Iowa income tax returns of himself and wife for 1952 through 1955. Each return contained a heading "interest paid" and thereunder listed the names of various individuals followed by symbols indicating the amounts of money. Each list included "Tony Schroedl, $400.00".

In our prior opinion we said these entries established an admission which with reasonable certainty related to the debt in issue and held it was for the jury to say finally whether they did so relate. We said in our second opinion "It seems that issue alone would require a decision by a fact finder". (page 635, 259 Iowa, page 53, 145 N.W.2d). McTague's deposition testimony on the second trial and in the record here states the money listed as paid to Schroedl was "dividends".

After reading McTague's 1962 deposition testimony regarding names and amounts of interest paid to persons named in the particular schedule in the year for which the tax return was filed plaintiffs then attempted to read into evidence questions and answers concerning promissory notes signed by defendants to certain third par-

ties not involved in the case at bar. The court sustained objections to evidence regarding these notes as irrelevant and immaterial to the issues being tried.

■ Evidence is relevant if there is a logical or rational connection between the fact which is sought to be proved and a matter of fact which has been made an issue in the case. In re Estate of Koch, 258 Iowa 1251, 1255, 142 N.W.2d 541, 544; In re Estate of Koch, 256 Iowa 396, 405, 127 N.W.2d 571, 576; State v. Slauson, 249 Iowa 755, 760, 88 N.W.2d 806, 809; Ipsen v. Ruess, 241 Iowa 730, 734, 41 N.W.2d 658, 661; Shapiro v. Klinker, 257 Wis. 622, 44 N.W.2d 622, 624. See also McCormick, Law of Evidence, sections 151, 152.

■ Each tax return was admitted as evidence. We find no real probative value in the offered evidence concerning promissory notes with third persons. The trial court's ruling was correct.

IV. Defendants took Mr. McTague's deposition June 14, 1967, the day before the latest trial began. His attention was called to the $400 entries in the tax returns and was asked:

"Q. Now can you tell me what that payment is? A. Those payments were dividends or earnings, I don't know how you would explain it, from the operation of the theater which was being operated by the family at Denison during those years.

"Q. Did Tony Schroedl have an interest in that operation? A. Yes.

"Q. What was the basis of his interest? A. The basis would be his $10,000.00 investment in the operation."

Plaintiffs objected to this testimony at the time the deposition was taken, on a motion to suppress and when it was offered at trial. The many objections may be summarized as asserting no proper foundation had been laid and the pleadings together with the admissions precluded the offer of any evidence by the defendants. This is another example of plaintiffs' disregard of

our pronouncements in the second opinion. We therein held McTague's pretrial admissions were not judicial admissions and his testimony on the second trial that the $400 entries were dividends was properly admitted over plaintiffs' objections. We need not repeat what we said in our second opinion. We find nothing in the events between the second and third trial on which plaintiff's objections to this deposition testimony should be sustained. It went to the very issue which we said was for the jury.

■ V. Plaintiffs contend the trial court erred in excluding exhibit J from evidence. It purports to be an affidavit of defendants Leo V. McTague and Frances McTague verifying answers to interrogatories and answers to request for admission filed by them. Defendants urged the affidavits was "redundant and immaterial and irrelevant". In sustaining the objection the court stated the jury would be advised the answers were made under oath. Instruction 8 specifically so states. There is no merit to plaintiffs' claim the trial court committed prejudicial error in rejecting exhibit J.

■ VI. Our study of the record discloses the trial court only changed his rulings regarding admissibility of evidence from that made on plaintiffs' motion in limine as was required by our holdings in our second opinion. This could not constitute reversible error as claimed by plaintiffs.

VII. In division III of their brief and argument plaintiffs assert the trial court erred in sustaining objections to certain interrogatories and requests for admission filed October 21, 1966.

On that date plaintiffs filed 14 interrogatories some of which consisted of two questions. They also filed 10 requests for admissions which they stated was pursuant to rule 127, Rules of Civil Procedure.

Defendants filed detailed objections to these new interrogatories and the request for admissions the main thrust of which was plaintiffs had the information sought as prior interrogatories had been answered, depositions had been taken and the case twice previously tried.

The court after reviewing the history of the case and observing plaintiffs prior to the second trial had asserted they had completed all discovery held liberal construction of our rules justified some additional discovery.

■ The rule is well established that our discovery rules are to be liberally interpreted. Jones v. Iowa State Highway Commission, Iowa, 157 N.W.2d 86, 87; Bengford v. Carlem Corporation, Iowa, 156 N.W.2d 855, 867; Cave v. Fountain, 258 Iowa 1232, 1235, 142 N.W.2d 436, 438.

The trial court overruled objections to all interrogatories filled October 21, except numbers 10 and 11 which were sustained on the grounds the answers had already been given in the evidence or the pleadings. We find no error in this ruling.

The trial court overruled defendants' objections to plaintiffs' first two requests for admissions and sustained them as to the last eight. The trial court ruled those requests were repetitious and the answers were in the pleadings or interrogatories. The record so discloses.

■ Assuming arguendo the court erred in these rulings we find no ground for a reversal as no prejudice therefrom appears in the record. The principle is well established that nonprejudicial error is never ground for reversal in an appellate court. Bengford v. Carlem Corporation, supra; Crist v. Iowa State Hgwy. Comm., 255 Iowa 615, 623, 624, 123 N.W.2d 424, 429, and citations.

■ VIII. Plaintiffs argue the two questions submitted under rule 127 which defendants answered in the affirmative were conclusive of the facts admitted. Defendants admitted they had not paid any other money or thing of value to plaintiffs after January 25, 1947 other than the $400

payments which plaintiffs were claiming as payment of interest on the note sued on. Defendants did not thereby abandon their contention those payments were dividends. This evidence went directly to the fact question which we held in our second opinion was for the jury. The trial court in instruction 8 instructed these admissions were made under oath and were to be considered with the other evidence. Plaintiffs took no exceptions to instruction 8. We find no reversible error in the trial court's rulings that the two admissions were not such as to be conclusive of the fact question which we held in our second opinion was for the jury.

■ IX. Plaintiffs next argue the court erred in giving instructions 6 and 7 and in refusing to give plaintiffs' requested instructions.

Instruction 6 states: "You are instructed that the law of Iowa provides that no action may be brought upon a written instrument more than ten years after cause of action thereon accrues and that a promissory note is a written instrument, and a cause of action accrues on the date that the same becomes due.

"The law of Iowa further provides that causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a new promise to pay the same.

"In this case the cause of action had accrued on January 25, 1948, and thus was barred by the statute of limitations ten years thereafter unless you find by the preponderance of the evidence as same is hereinbefore explained to you in these instructions, that the cause of action was revived by an admission or admissions in writing signed by the defendants. The plaintiffs in this case, in seeking to revive the cause of action and thus avoid the bar of the statute of limitations, have introduced in evidence certain income tax returns of the defendants, which returns con-

tain entries tending to indicate payments of interest to Tony Schroedl, one of the plaintiffs herein, during the years 1952, 1953, 1954 and 1955. The defendants admit the signing of said returns, but have introduced evidence that the entries in said returns tending to indicate payments of interest to Tony Schroedl were not actually 'interest payments', but were in fact 'payments of dividends'.

"In this connection you are instructed that if you find by the preponderance of the evidence that the entries contained in said income tax returns tending to indicate 'payments of interest to Tony Schroedl' were in fact 'payments of dividends' as asserted by the defendants, your verdict shall be for the defendants. If, on the other hand, you find by the preponderance of the evidence that the entries tending to indicate 'payments of interest to Tony Schroedl' contained in said income tax returns were in fact 'interest payments,' rather than 'dividend payments,' you will proceed as set forth in the next succeeding instruction; otherwise not."

Instruction 7 states: "If you have found by the preponderance of the evidence that the entries in the income tax returns in evidence in this case are in fact 'interest payments' rather than 'dividend payments' under instruction number 6, you will then proceed to determine whether or not said interest payment entries contained in the income tax returns of the defendants have reference to, and/or represent interest payments upon the promissory note Exhibit I, the subject of this suit.

"In this connection you are told that the defendants admit that interest has been paid by the defendants as shown upon the note Exhibit I. Payment of interest upon a debt such as the promissory note Exhibit I, is not of itself sufficient to revive a cause of action once barred by the statute of limitations as in the case of the promissory note Exhibit I. Before plaintiffs are entitled to recover they must establish by the preponderance of the evidence that

the cause of action represented by the promissory note Exhibit I has been revived.

"In this connection it is necessary in order for the plaintiffs to recover that they establish by the preponderance of the evidence in addition to your finding under instruction number 6 that such entries tending to indicate 'interest payments' constituted a new promise to pay the promissory note Exhibit I, or admitted the original or old promise to pay the debt represented by the promissory note Exhibit I, and if the plaintiffs have failed to so establish by the preponderance of the evidence that the entries tending to indicate 'interest payments' contained in the income tax returns in evidence were in fact 'interest payments' upon the promissory note Exhibit I, and that the same either constituted a new promise to pay the promissory note Exhibit I, or admitted the original or old promise to pay the debt represented by the promissory note Exhibit I, plaintiffs cannot recover from the defendants, and your verdict must be for the defendants.

"On the other hand, if plaintiffs have, by the preponderance of the evidence, established that the entries tending to indicate 'interest payments' were in fact 'interest payments' upon the promissory note Exhibit I, and that said entries either constituted a new promise to pay the note Exhibit I or admitted the original or old promise to pay the debt represented by said Exhibit I, your verdict shall be for the plaintiffs."

Plaintiffs' counsel in the brief states, "These instructions are permeated by prejudicial statements and erroneous references." He then argues many propositions which were established against plaintiffs as the law of the case in our second opinion. Counsel throughout the third trial, in his objections to instructions 6 and 7 and in plaintiffs' requested instructions attempted to reassert propositions which had been decided against plaintiffs. Plaintiffs have failed to show reversible error in the giving of instructions 6 and 7 or the trial

court's failure to give plaintiffs' many requested instructions. Several requested instructions asserted propositions which we have already held to be untenable. They need not be repeated here.

X. In one division plaintiffs assert the trial court erred in interfering with counsel's opening statement and in another division they argue the court erred in harrassing plaintiffs' counsel while he was dictating a motion for directed verdict. The factual basis for these two assignments is unclear in the record.

During opening statement the trial court said: "Mr. Furey, never mind that just tell the jury what the case is all about." The opening statement apparently was not taken by the court reporter. Plaintiffs' brief states: "Counsel had, in this opening statement explained to the jury the dignity, solemnity and importance of their mission as triers of fact in an important law suit." The trial court in overruling plaintiffs' motion for a new trial stated: "Counsel for the plaintiffs, under this ground of the motion is objecting to the refusal of the court to permit him, in his opening statement, to proceed to explain to the jury their importance in the lawsuit, and to talk to the jury about their duties as such jurors. * * * Our rules provide as follows: 'The party having the burden of proof on the whole action may briefly state his claim, and by what evidence he expects to prove it.'" The trial court was quoting rule 191(a), R.C.P.

If Mr. Furey had confined his opening statement to telling the jury "what the case was all about" he would have been within the provisions of rule 191(a) and the court's statement would not have been made.

The presiding judge is not restricted to the functions of a mere umpire or referee in a contest between opposing parties or counsel. A trial court has the duty to control and conduct its court in an orderly, dignified and proper manner. Neiderhiser v. Neiderhiser, 254 Iowa 791, 799,

119 N.W.2d 245, 250; 53 Am.Jur., Trial, section 34; 88 C.J.S. Trial § 36.

■ In directing plaintiffs' counsel regarding his opening statement the trial court was only exercising his duty to conduct the trial in a proper manner.

Plaintiffs' counsel also argues the court's remarks in the jury's presence were highly prejudicial. Jury instruction 3 includes this: "The Court has not by these instructions, nor has the Court by any ruling made, any actions done or words said during the trial, intimated or meant to give any intimation or opinion as to what the proof is or what it is not, or what the facts are or what are not the facts in the case, nor what the verdict should be.

"It is solely and exclusively for the jury to weigh the evidence and to find and determine the facts." Plaintiffs' contention in this regard is untenable.

At the close of defendants' case plaintiff's counsel, in the jury's absence, dictated into the record a motion for directed verdict which plaintiffs' counsel admits "was somewhat lengthy".

Before counsel had concluded the motion the trial court said: "Mr. Furey, I can't fathom this. How long is it going to take you to make this motion? I am about to recess this court until ten o'clock Monday morning." During the discussion which followed the court said: "I tell you this delay is disgusting * * * I understand that. But you can talk forever."

In ruling upon this ground of the motion for new trial the court said: "In making the motion counsel would dictate for several minutes, and then hesitate for several minutes. The manner in so doing tried the patience of everyone present."

Plaintiffs' counsel argues the trial court's remarks caused him to lose his train of thought and to omit some grounds which he otherwise would have included in the motion. This is most difficult to believe particularly after reading the lengthy motion and the many grounds stated therein. The brief fails to suggest any ground which was omitted. The apparent impatience of the trial court is understandable in view of our prior holding fact issues for the jury existed.

■ Included in the duty of a judge in the exercise of the judicial functions conferred on him is a duty to expedite the business of the court. 48 C.J.S. Judges § 46, page 1009. We find no reversible error in the trial court's attempt to avoid further delay.

XI. Plaintiffs argue many assigned errors in several divisions claiming misconduct of defendants' counsel at various stages of the trial. We have carefully read and considered them and find they are wholly unsupported by the record. It will serve no good purpose to extend this opinion by reciting or discussing them. We can understand plaintiffs' disappointment in the verdict but the record discloses no ground for a holding it resulted from any misconduct by defendants' counsel.

■ XII. Plaintiffs next assert the trial court erred in failing to certify their proposed bill of exceptions which was prepared after the verdict. It sets out several events which plaintiffs claim are not disclosed by the record made during trial.

Referring to failure to certify the proposed bill of exceptions the trial court stated he did not agree therewith and also was of the opinion plaintiffs had abandoned the proposed bill of exceptions and the amendment thereto.

Rule 241(c), R.C.P., provides: "(c) Certification—judge—bystanders. The proposed bill of exceptions shall be promptly presented to the trial judge, who shall sign it if it fairly presents the facts. If he refuses, and counsel so certifies, and at least two bystanders attest in writing that the exceptions are correctly stated, the bill thus certified and attested shall be filed and become part of the record."

The trial court did not believe plaintiffs' proposed bill of exceptions fairly presented the facts and certainly was not required to certify it. Plaintiffs' failure to follow the alternative method of obtaining written attestation thereof by at least two bystanders leaves them no valid grounds for complaint.

XIII. Plaintiffs' voluminous motions for judgment notwithstanding the verdict and for new trial refer to many of their contentions which we have already considered. Our study of these motions leads us to conclude the trial court did not err in overruling them.

XIV. Like the trial court we are unable to agree with plaintiffs' claim that under the entire record they did not have a fair trial.

All assigned errors have been considered. We find no reversible error.

Affirmed.

All Justices concur.